**AETNA CASUALTY & SURETY CO. v. Norman BARASCH and Suzanne Barasch**

[603 A.2d 380]

No. 91-340

January 6, 1992. This is a subrogation action brought by the insurer of a condominium against invitees of the owner to recover sums paid to the owner as the result of a fire allegedly resulting from the negligence of the invitees. The action was brought against the owner's employee and the employee's adult daughter. The insurer appeals from summary judgment entered in favor of the employee. We affirm.

Summary judgment is appropriate when, even if all allegations brought by the nonmoving party that are supported by evidence are regarded as true, there is no genuine issue of material fact. *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409, 578 A.2d 98, 99–100 (1990). Despite an adequate opportunity for discovery, Aetna has failed to make any showing in support of its assertions that the employee (the father) negligently caused the fire or was responsible for the conduct of his daughter, who may have caused the fire. See *Poplaski v. Lamphere*, 152 Vt. 251, 254–55, 565 A.2d 1326, 1329 (1989) (in order to survive motion for summary judgment, party must make a showing sufficient to establish the existence of elements essential to the case). Neither the police report nor any other potential evidence suggests that the father's actions directly caused the fire.

Further, Aetna has failed to show that the father is responsible for the actions of his adult daughter. See *id.* at 256, 565 A.2d at 1329 ("to recover in a negligence action, a plaintiff must first establish a legally cognizable duty on the part of the defendant"; generally, there is no duty to control the conduct of another to protect a third person from harm); *Britton v. Cann*, 682 F. Supp. 110, 116–17 (D.N.H. 1988) (parentage alone does not trigger parental liability). Even if the insurer is correct in assuming that a landlord's insurer has a right of subrogation against a tenant for fire damage caused by the tenant's negligence, compare *Safeco Ins. Co. v. Weisgerber*, 115 Idaho 428, 429, 767 P.2d 271, 272 (1989) (jurisdictions

have overwhelmingly held that landlord's insurer has no right of subrogation against a tenant, who stands as a co-insured absent an express agreement to the contrary), with *Fire Ins. Exchange v. Geekie,* 179 Ill. App. 3d 679, 682, 534 N.E.2d 1061, 1062 (1989) (landlord's insurer could maintain subrogation action against negligent tenant who had oral lease and who had obtained a separate insurance policy for fire damage), the insurer here has failed to counter the father's assertion that the parties neither expressly nor impliedly intended to create a landlord/tenant relationship. See *Reeder v. Reeder,* 217 Neb. 120, 125–26, 129, 348 N.W.2d 832, 835, 837 (1984) (on similar facts, court concluded that occupiers of home were "guests" rather than "tenants," and held that under such circumstances subrogation was unavailable); cf. *Prevo v. Evarts,* 146 Vt. 216, 219, 500 A.2d 227, 229 (1985) (tenant liable for waste to premises committed by third persons who were occupying premises with permission of tenant); *Crawford v. Jerry,* 111 Vt. 120, 122, 11 A.2d 210, 211 (1940) (tenant–landlord relationship implied where there was long-term occupancy with consent of owner and irregular payment of rent).

Because the allegations in opposition to summary judgment that are supported by evidence fail to raise disputed factual issues that, if proven, could result in a judgment for plaintiff against the father, summary judgment is affirmed.*

*Affirmed.*

## In re L.G.

---

* The insurer's reliance on *Barbagallo v. Gregory,* 150 Vt. 653, 553 A.2d 151 (1988), is misplaced. Neither the nature of the relationship between the owner and the father with regard to the condominium, nor information regarding the cause of the fire, requires a determination of the father's state of mind or concerns knowledge exclusively within the father's grasp.