2003 VT 27

# Union Mutual Fire Insurance Company v. Elmer J. and Jacqueline Joerg

[824 A.2d 586]

No. 01-336

Present: Amestoy, C.J., Dooley, Morse,[1] Johnson and Skoglund, JJ.

Opinion Filed March 28, 2003

---

[1] Justice Morse sat for oral argument but did not participate in this decision.

*Paul R. Bowles*, Montpelier, for Plaintiff-Appellant.

*Stephen J. Soule* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendants-Appellees.

¶ 1. **Dooley, J.** Plaintiff, Union Mutual Fire Insurance Company, appeals from the decision of the superior court granting defendants' motion to dismiss in its subrogation action against tenants of its insured and their guest. On appeal, plaintiff argues that the court erred by: (1) determining that defendants, Elmer and Jacqueline Joerg (tenants), were implied coinsureds under their landlord's fire insurance policy, thereby precluding a subrogation claim against them by plaintiff; (2) holding that the tenants had no duty to supervise Francis Roy, Jacqueline Joerg's father, who was living with them and who caused the fire underlying this case; and (3) concluding that no direct cause of action existed against Mr. Roy. We affirm.

¶ 2. This litigation arises from a fire that occurred on June 5, 1999 at a house owned by Mark Johnson (landlord) and rented to tenants pursuant to a lease-purchase contract. At the time of the fire, the tenants lived in the house with their two minor children and Francis Roy, Mrs. Joerg's seventy-three-year-old father. The fire was allegedly caused when Mr. Roy fell asleep or passed out while smoking. As a result of the fire, the house was severely damaged, and Mr. Roy was killed.

¶ 3. In accordance with the Union Mutual fire insurance policy that landlord maintained on the house, plaintiff paid approximately $97,000 to landlord. Plaintiff then instituted a subrogation claim against the defendants — the tenants individually and Mrs. Joerg as administratrix of her father's estate — alleging that Mr. Roy negligently caused the fire and that tenants were negligent in their supervision of Mr. Roy. Defendants filed a motion to dismiss pursuant to V.R.C.P. 12(b)(6), arguing that (1) plaintiff had no right of subrogation against tenants because they were implied coinsureds under the landlord's policy, (2)

tenants were not negligent because they had no duty of care to supervise Mr. Roy, and (3) plaintiff had no right of subrogation against Mr. Roy as an invitee. The trial court granted the motion, and plaintiff subsequently brought this appeal.

¶ 4. A motion to dismiss a cause of action for failure to state a claim upon which relief may be granted should be denied "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997) (internal quotation marks omitted). In reviewing the disposition of a V.R.C.P. 12(b)(6) motion to dismiss, "this Court assumes that all factual allegations pleaded in the complaint are true . . . accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings and assume[s] that all contravening assertions in defendant's pleadings are false." *Richards v. Town of Norwich*, 169 Vt. 44, 48-49, 726 A.2d 81, 85 (1999). In this case, the allegations in the complaint were supplemented by a copy of the lease.[2]

¶ 5. Plaintiff's first argument on appeal is that the trial court erred in holding that tenants were implied coinsureds under landlord's insurance policy with plaintiff and therefore plaintiff was precluded from bringing a subrogation action against them. We reject this argument for the following reasons.

¶ 6. Subrogation is an equitable doctrine that is based on a theory of restitution and unjust enrichment. See *Norfolk & Dedham Fire Ins. Co. v. Aetna Cas. & Sur. Co.*, 132 Vt. 341, 344, 318 A.2d 659, 661 (1974). Subrogation "enables a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party, who, in good conscience, should be required to pay." *Nationwide Mut. Fire Ins. Co. v. Gamelin*, 173 Vt. 45, 52, 786 A.2d 1078, 1084 (2001). In the insurance context, subrogation allows an insurer in some situations to recover what it pays to an insured under a policy by "standing in the shoes" of the insured and suing the wrongdoer, even if the policy lacks an express provision providing for such a claim. See R. Keaton & A. Widiss, Insurance Law § 3.10(a)(1), at 219 (Practitioner's ed. 1988); *Ulm v. Ford Motor Co.*, 170 Vt. 281, 296, 750 A.2d 981, 992 (2000). However, "an insurer cannot recover by means of subrogation against its

---

[2] Defendants filed the motion to dismiss, and plaintiff responded attaching the lease to its memorandum of law. In their reply memorandum, defendants indicated that because the lease had been referenced in the complaint, they were treating the lease as part of the complaint and, therefore, part of the record for the motion. The superior court apparently accepted this procedure. In any event, plaintiff has not objected to it.

own insured." *Peterson v. Silva*, 704 N.E.2d 1163, 1164 (Mass. 1999) (internal quotation marks omitted); Keaton & Widiss, *supra*, § 3.10(a)(1), at 221. This prohibition extends to coinsureds under the policy, both express and implied. See 6A J. A. Appleman & J. Appleman, Insurance Law & Practice § 4055, at 146 (1972) ("Subrogation cannot be obtained against another insured under the same policy, even if such protection is indirect." (footnotes omitted)).

¶ 7. Thus, if we find that the tenants are express or implied coinsureds under the landlord's fire insurance policy, plaintiff will not be able to exercise a right of subrogation against them. In reaching its decision that the tenants were implied coinsureds, the superior court adopted a per se rule, holding that a tenant, as a matter of law, is deemed a coinsured under a landlord's fire insurance policy, absent an express agreement to the contrary. This rule is best expressed in the leading case of *Sutton v. Jondahl*, 532 P.2d 478, 482 (Okla. Ct. App. 1975), and has been followed by several courts. See *Alaska Ins. Co. v. RCA Alaska Communications, Inc.*, 623 P.2d 1216, 1218 (Alaska 1981); *Lexington Ins. Co. v. Raboin*, 712 A.2d 1011, 1016 (Del. Super. Ct. 1998); *N. River Ins. Co. v. Snyder*, 804 A.2d 399, 403-04 (Me. 2002); *Peterson*, 704 N.E.2d at 1165; *N.H. Ins. Group v. Labombard*, 399 N.W.2d 527, 531 (Mich. Ct. App. 1986); *United Fire & Cas. Co. v. Bruggeman*, 505 N.W.2d 87, 89 (Minn. Ct. App. 1993); *Safeco Ins. Co. v. Capri*, 705 P.2d 659, 661 (Nev. 1985); *Cmty. Credit Union v. Homelvig*, 487 N.W.2d 602, 605 (N.D. 1992); *GNS P'ship v. Fullmer*, 873 P.2d 1157, 1163 (Utah Ct. App. 1994).

¶ 8. We note, however, that the *Sutton* per se rule is only one of a number of alternative rules. Some courts have rejected the implied coinsured rationale and allowed the insurer to bring a subrogation claim against the tenant, absent an express agreement to the contrary. See *Neubauer v. Hostetter*, 485 N.W.2d 87, 89-90 (Iowa 1992); *Zoppi v. Traurig*, 598 A.2d 19, 21 (N.J. Super. Ct. Law Div. 1990); *Galante v. Hathaway Bakeries, Inc.*, 176 N.Y.S.2d 87, 92 (App. Div. 1958); *Winkler v. Appalachian Amusement Co.*, 79 S.E.2d 185, 190 (N.C. 1953). The majority of courts, however, have avoided per se rules and taken a more flexible case-by-case approach, holding that a tenant's liability to the landlord's insurer for negligently causing a fire depends on the intent and reasonable expectations of the parties to the lease as ascertained from the lease as a whole. See *Page v. Scott*, 567 S.W.2d 101, 103 (Ark. 1978); *Fire Ins. Exch. v. Hammond*, 99 Cal. Rptr. 2d 596, 602 (Ct. App. 2000); *Continental Ins. Co. v. Kennerson*, 661 So. 2d 325, 327 (Fla. Dist. Ct. App. 1995); *Bannock Bldg. Co. v. Sahlberg*, 887 P.2d 1052, 1055 (Idaho 1994); *Dix Mut. Ins. Co. v. LaFramboise*, 597 N.E.2d 622, 625 (Ill. 1992); *Britton*

*v. Wooten*, 817 S.W.2d 443, 445-47 (Ky. 1991); *Rock Springs Realty, Inc. v. Waid*, 392 S.W.2d 270, 277-78 (Mo. 1965); *Agra-By-Products, Inc. v. Agway, Inc.*, 347 N.W.2d 142, 146-50 (N.D. 1984); *United States Fire Ins. Co. v. Phil-Mar Corp.*, 139 N.E.2d 330, 332 (Ohio 1956); *56 Assocs. v. Frieband*, 89 F. Supp. 2d 189, 194 (D.R.I. 2000); *Tate v. Trialco Scrap, Inc.*, 745 F. Supp. 458, 467 (M.D. Tenn. 1989); *Monterey Corp. v. Hart*, 224 S.E.2d 142, 147 (Va. 1976); *Rizzuto v. Morris*, 592 P.2d 688, 691 (Wash. Ct. App. 1979). Of the courts following this approach, most that have denied subrogation have done so because of the existence of specific provisions in the lease, such as a provision obligating the landlord to purchase fire insurance on the premises or a clause excepting fire damage from the tenant's responsibility to maintain or return the property in a good state and condition. See *Continental Ins. Co.*, 661 So. 2d at 328 (lease provided that damage caused by fire "shall be repaired by and at the expense of Lessor"); *Safeco Ins. Cos. v Weisgerber*, 767 P.2d 271, 272 (Idaho 1989) (lease required tenant to maintain premises in a good state and condition of repair "damage by . . . fire excepted"); *Rock Springs Realty, Inc.*, 392 S.W.2d at 271 (lease required tenant to maintain premises in good condition, "loss by fire . . . excepted"); *United States Fire Ins. Co.*, 139 N.E.2d at 333 (lease provided that tenant would pay possible increase in fire insurance premiums due to tenant's activities); *Agra-By-Products, Inc.*, 347 N.W.2d at 144 (lease required lessor to keep insurance and lessee to reimburse lessor for premiums); *Tate*, 745 F. Supp. at 460 (lease required lessor to purchase insurance coverage on building); *Monterey Corp.*, 224 S.E.2d at 144 (lease contained "except fire" provision); see also *Britton*, 817 S.W.2d at 446 (subrogation allowed because there was no clause requiring purchase of fire insurance by landlord); *56 Assocs.*, 89 F. Supp. 2d at 194 (subrogation allowed where lease did not address question of fire insurance).

¶ 9.    Although we noted in *Aetna Casualty & Surety Co. v. Barasch*, 158 Vt. 638, 638-39, 603 A.2d 380, 380-81 (1992) (mem.), that the *Sutton* rule is one possible approach, we find the case-by-case approach to be the most consistent with Vermont law. In determining the rights of the parties to a lease, this Court has consistently looked to the intent of the contracting parties as ascertained from the terms of the lease. See *Fairchild Square Co. v. Green Mountain Bagel Bakery, Inc.*, 163 Vt. 433, 436, 658 A.2d 31, 33 (1995); *Lamoille Grain Co. v. St. Johnsbury & Lamoille County R.R.*, 135 Vt. 5, 8, 369 A.2d 1389, 1390 (1976); *Bove's Executor v. Bove*, 116 Vt. 76, 90-92, 70 A.2d 562, 570-71 (1950). Our decision in *Fairchild Square* is particularly instructive here. It involved a subrogation claim by the landlord's insurer (brought through its insured,

the landlord) against the tenant and the tenant's employee for damages from fire caused by the employee. We held that the tenant was protected against such a claim because of specific provisions in the lease pertaining to fire insurance. *Fairchild Square Co.*, 163 Vt. at 436-40, 658 A.2d at 33-35. We did not rely on a per se rule; to the contrary, we stated explicitly that "[w]hether landlord waived its right to recover against tenant for negligently caused fire damage depends on the intent of the contracting parties as determined by the terms of the contract." *Id.* at 436, 658 A.2d at 33. The dissent echoed this emphasis on the intent of the parties, stating that "[w]e should enforce the contract that was made, not one we wish they made." *Id.* at 444, 658 A.2d at 38 (Dooley, J., dissenting).

¶ 10. Holding that the presence of a provision in the lease requiring the landlord to carry fire insurance on the leased premises is determinative on the issue of subrogation is in line with the public policy considerations underlying this rule that we recognized approvingly in *Fairchild Square*. First, if the landlord and tenant agree that one of the parties will purchase insurance, " 'it is only natural that they assume that the insurance is for their mutual benefit and that the parties will look only to the insurance for loss coverage.' " *Id.* at 443, 658 A.2d at 37 (quoting *Tate v. Trialco Scrap, Inc.*, 745 F. Supp. at 473). Second, where the lease expressly requires the landlord to maintain insurance on the premises, the landlord will take the cost of the insurance into account when setting rent. Therefore, since "the lessee ultimately pays for insurance through his rent checks . . . simple equity would suggest that he be able to benefit from that payment unless he has clearly bargained away that benefit." *Id.* Finally, this rule prevents the economic inefficiency that would result from having multiple insurance policies — with multiple premiums — on the same building. *Id.*

¶ 11. We therefore hold that, where the lease requires the landlord to carry fire insurance on the leased premises, such insurance is for the mutual benefit of landlord and tenant, and, as a result, the tenant is deemed a coinsured under the landlord's insurance policy and is protected against subrogation claims by the landlord's insurer.

¶ 12. Although we disagree with the trial court's reasoning, we agree with its result. See *Sorge v. State*, 171 Vt. 171, 174 n.*, 762 A.2d 816, 818 n.* (2000) (Court may affirm correct result below but use different rationale). We conclude that the trial court was correct in its finding that the lease contemplates that the landlord will procure fire insurance on the premises. Paragraph 11 of the lease specifically provides that "[t]he landlord shall be responsible for maintaining *the insurance*, taxes and mortgage of the property." (Emphasis added.) Paragraph 3 made the

tenants responsible for a "tenants liability policy." The superior court found that the former paragraph included fire insurance on the premises, and the latter referred to insurance on liability "to guests, invitees or others entering the property who suffer injury due to tenant's negligence" as well as fire coverage for the tenants' personal property. We agree with the superior court that the provisions are plain and unambiguous, and, as such, must be given effect and enforced in accordance with their language. *KPC Corp. v. Book Press, Inc.*, 161 Vt. 145, 150, 636 A.2d 325, 328 (1993). In fact, the landlord complied with the requirement of paragraph 11 and purchased fire insurance on the premises through plaintiff.

¶ 13. We therefore hold that the superior court correctly granted the motion to dismiss with respect to tenants. In view of our holding, we need not reach plaintiff's second argument, that the court erred in holding as a matter of law that tenants were not responsible for the actions of Mr. Roy under a failure to supervise theory. Since plaintiff cannot bring a subrogation action against tenants for the losses paid to landlord, we do not reach the issue of whether its liability theory is valid. See *Continental Ins. Co. v. Bottomly*, 817 P.2d 1162, 1165 (Mont. 1991) (because subrogation was denied, court declines to reach issue of negligence).

¶ 14. Finally, plaintiff argues that the trial court erred in concluding that no cause of action existed against Mr. Roy, and now his estate, because he was not a tenant and the implied coinsured rationale does not apply to him.[3] The superior court rejected this claim, concluding that we held in *Barasch*, 158 Vt. at 639, 603 A.2d at 380, that the insurer cannot bring a subrogation action against a negligent guest of a tenant. Again, we agree with the superior court's result, but not its rationale.

¶ 15. The facts and claims in *Barasch* are somewhat similar to those in this case, but the holding is not determinative to the issue before us. *Barasch* involved a subrogation claim brought by a condominium owner's insurer against the owner's employee and the employee's adult daughter, invitees of the owner. The insurer sought to recover sums paid to the owner as a result of a fire allegedly resulting from the invitees' negligence. Without addressing the cause of action against the daughter, and without relying on the insurance issue resolved in this case, we held that the insurer had no right of subrogation against the father because the insurer presented no evidence that would suggest that the father's actions directly caused the fire, *id.* at 638, 603 A.2d at 380, and made no showing that the father could be held responsible for fire allegedly caused by his adult

---

[3] Plaintiff actually argues at one point that Roy was a tenant, but goes on to argue as if he were an invitee. If he was a tenant, we would conclude that he is an implied coinsured based on that status in light of the lease terms.

daughter's negligence. *Id.* at 638-39, 603 A.2d at 380. Nowhere did we hold that subrogation was prohibited against either the father or the daughter because of their status as invitees.

¶ 16. Although *Barasch* does not govern, we conclude that family members living in the leased premises should be included as implied coinsureds. The complaint in this case stated that Francis Roy was "living" in the rented premises with his daughter and her family. He was in the same position as tenants' children. We would greatly undermine our holding that a subrogation action cannot be brought against the tenants because the lease showed that the landlord was responsible for fire insurance if we allowed the subrogation action to be brought against family members living in the home. For purposes of the implied coinsured rationale, it makes no difference that the fire was started by Mr. Roy as opposed to one of the Joergs.

¶ 17. This result is supported by the reasoning of *Fairchild Square Co.* where we held that the insurer could not bring a subrogation action against either the corporate tenant or its employee. We reached that result based primarily on policy grounds and the expected scope of coverage. See 163 Vt. at 442-43, 658 A.2d at 36-37. For much the same reasons, we conclude that plaintiff cannot bring a subrogation action against tenants' resident family members.

*Affirmed.*

---

[1] Justice Morse sat for oral argument but did not participate in this decision.