Travelers Indemnity Co. v. Deguise, No. S1253-04 CnC  (Norton, J., Feb. 10, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                                   Docket No. S1253-04 CnC

TRAVELERS INDEMNITY CO.

v.

DEGUISE

ENTRY

　　　　Tenants seek to dismiss this subrogation claim filed against them by landlord's insurance company for fire damage to their apartment.  Tenants argue that through their lease with landlord, they are implied coinsureds and are therefore immune from such claims.  Union Mutual Fire Ins. Co. v. Joerg, 2003 VT 27.

As tenants correctly note, an insurer may not bring a subrogation action against its own insured or any coinsured—express or implied. Id. at ¶ 6. This is due to the equitable nature of subrogation as a theory of restitution that allows an insurer as a secondary party, who has compensated the insured, to step into the insured's shoes and pursue the primarily liable party. Id. In other words, the insurer takes the place of the insured, and it which implies that it cannot bring suit against "itself." Thus tenants seek to define themselves as coinsured to prevent the insurance company from subrogating against them.

In Joerg, the Vermont Supreme Court ruled that if a lease requires the landlord to carry fire insurance on the leased premises, then such insurance is for the mutual benefit of tenant and landlord, and tenant is considered a co-insured. Id. at 11. In Joerg, this determination was straightforward as the lease at issue contained an express provision requiring the landlord to maintain insurance on the premises. Id. at ¶ 12 (noting that in the lease at issue "'the landlord shall be responsible for maintaining the *insurance*, taxes and mortgage of the property'"). Tenants in this case acknowledge, there is no express provision in their lease requiring landlord to carry fire insurance.

Instead, tenant's rely on an interpretation of their lease to imply that landlord carried fire insurance for tenants' mutual benefit. The only guidance the Court offers through Joerg in determining when tenants are implied coinsured is its rejection of a per-se rule on a tenant's fire liability and its adoption of a "case-by-case" approach to determining the effect of any given lease. Id. at ¶¶ 7–10. Accordingly, the answer to whether a lease makes a tenant a coinsured under landlord's fire insurance policy depends on the intent of the parties to the lease. If there is evidence that the parties

intended the landlord to insure the property, then it is inferred that such insurance was for the mutual benefit of the parties. Id. at 9. Of course, if there is evidence suggesting that the landlord did not intend to exempt tenants from liability for fire damage, then the tenants are coinsured under the policy.

In their interpretation of the lease, tenants rely on three facts from the lease and its context. First, they point to paragraph 28, which states that "The Resident shall not . . . do anything that will increase the development's insurance premiums." Second, they note that the apartments are made up of several large building in which tenants occupy a small unit. This building arrangement, they argue, would make individual fire insurance impossible. Third, the tenants argue that their status as recipients of Section 8 housing subsidies makes it unlikely that they would be required to purchase additional insurance on the building.

There are two problems with a motion to dismiss on these facts. First, tenants misapprehend the relevant law on the issue of whether a tenant is an implied co-insured. In every case that this court has found involving a tenant as an implied co-insured for a fire insurance policy, there has first been exclusionary language exempting the tenant's from responsibility for fire damage. See, e.g., Parson Mfr. Corp. v. Superior Court, 203 Cal. Rptr. 419, 424 (Cal. App. 1984); United States Fire Ins. Co. v. Phil-Mar Corp., 139 N.E.2d 330, 332 (Ohio 1956);Rizzuto v. Morris, 592 P.2d 688, 690 (Wash. App. 1979). These courts have relied almost uniformly on surrender clauses in the lease that have exempted tenants from liability for fire damage. Other facts, such as ones the tenants assert in this motion, have only been used as circumstantial evidence of intent to bolster the initial conclusion from the exemption clause. As a matter of law, tenants' factual allegations do not show that they are exempted from fire damage in the lease, and they are therefore not exempt from liability as

coinsured parties.

The second problem with tenant's motion is that it alleges facts that go beyond the scope of V.R.C.P. 12(b)(6), on which this motion is premised. A Rule 12(b)(6) motion is limited to the pleadings and is designed to test the law of the claim and not the supporting facts involved. By alleging three additional facts, tenants are moving beyond the law of Joerg and its cited cases into a factual scenario where the case-by-case approach might be applied.

Rule 12(b) does allow a 12(b)(6) motion to be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the court." Tenant's arguments fit this description perfectly. To that end, the court will give the parties 30 days to present all material, such as affidavits and further briefs, made pertinent by the previous discussion and the requirements of Rule 56, at which time the court will rule on this motion for summary judgment.

Based on the foregoing, defendants' motion to dismiss is denied. Parties shall submit pertinent materials for a summary judgment motion in 30 days.

Dated at Burlington, Vermont_____, 2005.

_____
Judge