O.R. Parker, LLC v. City of Rutland, No. 969-12-09 Rdcv (Teachout, J., Aug. 8, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                            **CIVIL DIVISION**
**Rutland Unit**                                           **Docket No. 969-12-09 Rdcv**


**O.R.PARKER, LLC, et al.**
    **Plaintiffs**

**v.**

**CITY OF RUTLAND, et al.**
    **Defendants**

### DECISION
### MVRTD's Motion for Summary Judgment, filed January 12, 2011

Defendant and Third-Party Plaintiff Marble Valley Regional Transit District ("MVRTD") moves for summary judgment with respect to its third-party claim against Third-Party Defendant Dubois & King, Inc. ("D&K"). MVRTD is represented by Reis, Urso, Ewald & Anderson, PLLC. D&K is represented by Heilmann, Ekman & Associates, Inc.

### Background

This case concerns the construction of the Multi-Modal Transit Center ("MMTC") in downtown Rutland. MVRTD, as the owner of the structure, entered into a construction contract with D&K. Under the contract, D&K, a Randolph engineering and consulting firm, was the lead engineer for the project.

The plaintiffs in this case own or lease property near the MMTC. They allege that the MMTC caused their basements to flood after heavy rains in the summers of 2008 and 2009. More specifically, they allege that the grading around the MMTC was negligently performed, that the site's sewer line is undersized to handle downpours, that catch basins were negligently constructed, and that the City of Rutland improperly maintained the sewer line and catch basins.

The present motion for summary judgment concerns D&K's obligation to defend this suit on behalf of MVRTD and to indemnify MVRTD. The contract between MVRTD and D&K contains a provision addressing indemnity. The contract provides:

A. <u>Indemnification</u> – [D&K] agrees, to the fullest extent permitted by the law, that it shall indemnify and hold harmless from liability for damages to third parties, together with cost, including attroneys fees, incurred in defending such claims by third parties, to the extent such liability is caused by the negligent or intentional acts, errors, or omissions of [D&K], its agents or employees, committed in the performance of professional services to be provided by [D&K] under this AGREEMENT.

[MVRTD] is responsible for its own actions. [D&K] is not obligated to indemnify [MVRTD] or its officers, agents and employee for any liability of [MVRTD], its officers, agents and employees attributable to its, or their own, negligent acts, errors or omissions.

The contract also contains a provision that required D&K to obtain professional liability insurance before it began any work on the project. Under the contract, MVRTD was required to reimburse D&K for the cost upon proof of professional liability coverage.

## Analysis

MVRTD moves for summary judgment on the issue of D&K's duty to defend and indemnify. To be granted summary judgment, the moving party must demonstrate the absence of a genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c). Here, the terms of the contract that govern indemnity are not in dispute. It is appropriate for the court to determine D&K's duty to defend at the outset of the case on the basis of the pleadings. *Tateosian v. State*, 2007 VT 136, ¶ 15, 183 Vt. 57.

Parties may by contract allocate the obligation to defend and indemnify. In interpreting contractual indemnity provisions, the court interprets contractual language "to give effect to the intent of the parties as that intent is expressed in their writing." *Hamelin v. Simpson Paper Co.*, 167 Vt. 17, 19 (1997). If the contractual language is clear, it is taken to show the intent of the parties. *Id.*

In opposing MVRTD's Motion for Summary Judgment, D&K points to the language in the contract that provides for indemnification only if the liability is caused by D&K's negligence. D&K argues that because no liability, and thus no cause of liability, has yet been determined, it is inappropriate to grant summary judgment in favor of MVRTD. MVRTD contends that the claims asserted in the plaintiffs' complaint trigger the duty to defend and indemnify. It agues that all of plaintiffs' claims are based not on its own direct liability but on its vicarious liability for the acts of D&K.

The issue of whether the indemnification obligation is triggered by actual liability or potential liability is determined by looking to the parties' intent as evidenced by the language of the contract. See *Stamp Tech, Inc. ex rel. Blair v. Ludall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 19, 186 Vt. 369. The parties dispute what intent is evidenced by the language of the indemnity provision. Each draws the court's attention to a different portion of the relevant language. MVRTD focuses on the phrase "to the fullest extent permitted by the law" and argues that the fullest extent of the law allows for indemnification to be triggered by the potential liability arising from the plaintiffs' claims. D&K focuses on the "to the extent such liability is caused by the negligent or intentional, acts, errors, or omissions of [D&K]" language. D&K argues that because there has not yet been a determination of liability it is impossible to know whether the liability was "caused by" the negligence of D&K. MVRTD counters that all of plaintiffs' claims are based on the alleged faulty design and construction of the MMTC, which D&K was responsible for as the project's lead engineer.

2

MVRTD also contends that D&K has a duty to defend this suit on behalf of MVRTD because MVRTD is an implied coinsured under the contract because it was obligated to pay for D&K's professional liability insurance. MVRTD argues that because it paid the premiums it should be able to look to D&K's malpractice carrier for a defense to this suit. It claims that "[i]t is frankly borderline outrageous that D&K is now receiving a defense from the malpractice insurance that MVRTD paid for." MVRTD cites to *Union Mut. Fire Ins. Co. v. Jeorg*, 2003 VT 27, ¶ 175 Vt. 196 ("First, if the landlord and tenant agree that one of the parties will purchase insurance, 'it is only natural that they assume that the insurance is for their mutual benefit and that the parties will look only to the insurance for loss coverage.'").

Determination of the duty to defend depends on a comparison of the facts and causes of action alleged in the complaint with the terms set forth in the parties' agreement. *Tateosian v. State*, 2007 VT 136 ¶ 16. Review of the plaintiffs' claims shows that they are all based on the faulty design and construction of the MM&T. They are not based on any direct actions of MVRTD. If the plaintiffs are able to recover against MVRTD it will necessarily be due to "the negligent or intentional, acts, errors, or omissions of [D&K]."

D&K agreed in the contract to indemnify MVRTD "to the fullest extent permitted by law" and specifically agreed to hold MVRTD harmless from attorneys' fees incurred in defending claims made by third parties. The terms of the parties' agreement in this case are much more specific and closely related to the claims in the first party claim than those in *Tateosian.* The purpose of indemnification of the duty to defend would be frustrated if the potentially indemnified party had to wait until liability was ultimately determined before bringing its identification claim related to attorneys' fees. While there are some situations in which a claim for indemnity does not mature until a liability has been incurred and paid, that is not the relationship created by the parties in their contract. The most logical interpretation of this contract is that the parties intended that D&K would defend MVRTD in connection with claims in which D&K's negligence is alleged, not only for those claims proven later to be caused by D&K's negligence.

This conclusion is bolstered by the contractual provisions regarding professional liability insurance. As MVRTD was responsible for the cost of D&K's professional liability insurance, it is only logical that this insurance was for MVRTD's benefit as well as D&K's. The purpose of professional liability insurance is to protect insureds in cases such as this. By making MVRTD responsible for the cost of D&K's professional liability insurance, the parties intended that MVRTD would look ultimately to the insurer for defense and coverage in lawsuits stemming from D&K's alleged negligence. It would not be reasonable to deny MVRTD the protection of an insurance policy that it paid for in order to address situations such as this.

D & K correctly points out that this motion is, in effect, a request for declaratory judgment with respect to the duty to defend and indemnification provisions of the parties' contract. It would be a wasteful use of the resources of both the parties and the court to decline to rule on this issue and cause MVRTD to have to file a separate declaratory action when the issue is within the framework of the allegations in the third party claim.

3

**ORDER**

For the foregoing reasons, MVRTD's Motion for Summary Judgment is *granted*. MVRTD is entitled to judgment on the third party claim against D & K in the amount of its defense costs incurred to date, and is entitled to indemnification for any liability assessed against MVRTD in this action.   MVRTD's counsel shall prepare a proposed Judgment, and D & K's counsel shall have five days to object.


Dated this 5th day of August, 2011.


_____
Hon. Mary Miles Teachout
Superior Court Judge