RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0241p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JENNIFER LEECH; EDWIN GRIFFETH,
               *Plaintiffs-Appellees*,

    *v*.

JAMES DEWEESE, the Honorable Judge, in
His Official Capacity,
               *Defendant - Appellant,*

JOHN MAYER, in his official and individual
capacity; et al.,
               *Defendants*.

No. 11-3505

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:10-cv-2645—James S. Gwin, District Judge.

Argued: May 30, 2012

Decided and Filed: August 3, 2012

Before: MARTIN, GILMAN, and WHITE, Circuit Judges.

_____

### COUNSEL

**ARGUED:** Linda L. Woeber, MONTGOMERY, RENNIE & JONSON, Cincinnati, Ohio, for Appellant. R. Paul Cushion II, Cleveland, Ohio, for Appellees. **ON BRIEF:** Linda L. Woeber, George D. Jonson, MONTGOMERY, RENNIE & JONSON, Cincinnati, Ohio, for Appellant. R. Paul Cushion II, James L. Hardiman, Cleveland, Ohio, for Appellees.

_____

### OPINION

_____

    BOYCE F. MARTIN, JR., Circuit Judge. Judge James DeWeese of the Richland County, Ohio, Court of Common Pleas appeals the district court's denial of his motion

1

to dismiss Jennifer Leech's claim that Judge DeWeese acted without jurisdiction in ordering Leech removed from her residence. In a hearing before Judge DeWeese concerning Edwin Griffeth, a probationer under Judge DeWeese's supervision and Leech's co-plaintiff-appellee, Judge DeWeese ordered that: "Leech is to be removed from the home owned by defendant [Griffeth]." In her complaint, Leech, a non-party in any action before Judge DeWeese, asserts, among other claims, that Judge DeWeese lacked the jurisdiction necessary to order her removed from her residence, and that Judge DeWeese's order violated her civil rights.

Judge DeWeese moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6), asserting absolute judicial immunity as a defense to this and other claims. The district court found that Judge DeWeese had established judicial immunity as to all of Leech's claims except her claim related to Judge DeWeese's order removing Leech from her residence; the district court denied Judge DeWeese's motion to dismiss this claim on the basis of absolute judicial immunity. Judge DeWeese appeals the district court's denial of his motion to dismiss, arguing that the district court erred in denying his defense of judicial immunity as to Leech's claim about her removal from the residence. For the following reasons, we **REVERSE** the judgment of the district court and **GRANT** Judge DeWeese's motion to dismiss.

I.

In 2004, in an unrelated criminal matter, Judge DeWeese sentenced Edwin Griffeth to a four-year prison term following Griffeth's guilty plea to sexual battery. Two years later, Griffeth was granted supervised release, during which time he was to be overseen by Judge DeWeese. During Griffeth's supervision, Judge DeWeese placed conditions—or "community control sanctions"—on Griffeth's release. These conditions are at issue in the present action.

John Mayer—Leech's then-husband and a defendant in this case, but not a party to the motion to dismiss or to this appeal—supervised the Mansfield Unit of the Ohio

Adult Parole Authority, which was the agency responsible for monitoring Griffeth during his supervised release. Mayer suspected that his wife, Leech, was having an affair with Griffeth. Mayer was not officially assigned to monitor Griffeth's case, but Plaintiffs alleged, in *Leech v. Mayer*, No. 1:10–CV–2645, 2011 WL 1540386, \*1 (N.D. Ohio Apr. 21, 2011) (alterations, citations, and footnotes omitted), that:

> [Mayer] conspired with other probation officers and with Judge DeWeese to subject Griffeth to harassment because of Griffeth's friendship with Leech. Judge DeWeese did so, the Plaintiffs say, because Judge DeWeese and John Mayer are longtime friends and because their families are part of some kind of Richland County power structure.

Mayer's marriage with Leech ended. Plaintiffs allege that Mayer became obsessed with the relationship between Leech and Griffeth. On the night of November 20, 2008, Mayer, who had been drinking, saw Griffeth and Leech together in a car. Mayer pursued them by car, and called the police to have Griffeth arrested for violating curfew and other conditions of his parole. The next day, Mayer's supervisor ordered that Mayer have no further involvement in Griffeth's case.

Plaintiffs allege that Mayer met privately with Judge DeWeese on November 24, and that the two men agreed to transfer Griffeth's case from the Ohio Adult Parole Authority to David Leitenberger, a parole officer with the Richland County Probation Department and Mayer's friend. Judge DeWeese then officially transferred Griffeth's supervision to the Richland County Probation Department. At this time, Judge DeWeese placed an additional condition on Griffeth prohibiting Griffeth from having any contact with Leech or with Leech's minor daughter.

In April and June 2010, Griffeth was brought before Judge DeWeese because Griffeth had associated with Leech and lied about it, in violation of his new supervised release condition. At this time, "Griffeth accused [Judge] DeWeese of being improperly influenced by John Mayer and asked [Judge] DeWeese to recuse himself." *Id.* at \*2. Judge DeWeese denied Griffeth's request.

Following a hearing, Judge DeWeese ruled that Griffeth was guilty of violating the no-contact condition of his supervised release when he allowed Leech and her daughter "to move into his own house in October 2009 and live there without payment of rent while he has nominally moved two houses down the street." *Id.* Judge DeWeese sentenced Griffeth to six months in a community control environment and ordered "Leech . . . removed from the home owned by defendant [Griffeth]." *Id.* at *4.

Plaintiffs filed an action in the district court alleging that Judge DeWeese acted outside his authority in taking several actions, including filing the order that "forced Leech to vacate her home." Judge DeWeese filed a motion to dismiss, which the district court granted in part, but denied as to Leech's claim regarding her removal from the residence. As to the claim regarding Leech's removal, the district court found that "[i]f, as alleged in the complaint, Judge DeWeese directly ordered non-party Leech out of her home, without jurisdiction or process, Plaintiff Leech has stated a claim against [Judge] DeWeese," and that Judge DeWeese had not established absolute judicial immunity to this claim because he "had no apparent jurisdiction to directly order non-party Leech to vacate the house she was living in or to do anything else." *Id.* at *5.

Judge DeWeese appeals this decision, claiming that he was entitled to absolute judicial immunity. Judge DeWeese argues that the district court erred in denying him absolute judicial immunity on this claim because the order was properly directed against Griffeth, not Leech. Plaintiffs argue that this Court does not have jurisdiction over an interlocutory appeal of a denial of a motion to dismiss for absolute judicial immunity, and that the district court properly found that Judge DeWeese is not entitled to absolute immunity on this claim because he lacked both personal and subject matter jurisdiction over Leech. At the time the parties submitted their briefs to this Court, there was also a pending Ohio state court case on this and related issues.

## II.

We find that this Court has jurisdiction over Judge DeWeese's interlocutory appeal. "[A] district court's denial of a claim of immunity, to the extent that it turns on an issue of law, is immediately appealable." *Brookings v. Clunk*, 389 F.3d 614, 617

(6th Cir. 2004).  "[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."  *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *see also Brookings*, 389 F.3d at 617.

"The availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss presents a question of law.  As such, the court's review of the district court's denial of the motion is *de novo*."  *Brookings*, 389 F.3d at 617.  Because Judge DeWeese is "the proponent of the claim of absolute judicial immunity, [he] bears the burden of establishing that such immunity is warranted."  *Id.*  Therefore, this Court has de novo jurisdiction over Judge DeWeese's interlocutory appeal, and Judge DeWeese bears the burden of establishing that he is entitled to absolute judicial immunity.

III.

"This Court reviews a denial of a motion to dismiss *de novo*, as it is a purely legal question."  *Doe v. Bredesen*, 507 F.3d 998, 1002 (6th Cir. 2007).  "In this analysis, we must construe the complaint in the light most favorable to the plaintiff, accept all of his factual allegations, and determine whether he undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Cooey v. Strickland*, 479 F.3d 412, 415 (6th Cir. 2007).  We "review the denial of qualified immunity *de novo*."  *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

IV.

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."  *Brookings*, 389 F.3d at 617.  State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983.  *Id.*  Judicial immunity exists even where a judge acts corruptly or with malice.  *Id.*; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity can be overcome under only two circumstances.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in

nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted); *see also Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012); *Brookings*, 389 F.3d at 617. The parties agree that Judge DeWeese's issuance of the order was a judicial action; therefore, we consider whether Judge DeWeese has failed to establish immunity under the second exception.

Judge DeWeese argues that the district court incorrectly applied the judicial immunity standard in evaluating Judge DeWeese's immunity with regard to the order requiring Leech's removal from the residence. Judge DeWeese argues that (a) the district court erred by finding that the order was directed to Leech, and (b) even if the order was directed to Leech, Judge DeWeese is entitled to judicial immunity because he did not act in absence of all jurisdiction in entering the order.

Judge DeWeese claims that he had jurisdiction to order Leech removed because the order was directed to Griffeth in the course of Judge DeWeese's supervision of Griffeth's term of supervised release. Leech argues that the text of Judge DeWeese's order must be read as imposing a condition on Leech rather than on Griffeth. Judge DeWeese argues that the purpose of the order was to impose supervised release conditions on Griffeth, not to impose any conditions on Leech, and the order was thus within his jurisdiction. Regardless of whether the order was directed to Leech or Griffeth, the determinative question is whether Judge DeWeese acted without jurisdiction in ordering such action. *See Mireles*, 502 U.S. at 11.

We have held, *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (alterations and citations omitted), that:

> [O]nly in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity. When, however, a court with subject matter jurisdiction acts where for example personal jurisdiction is lacking, judicial and prosecutorial absolute immunity remain intact. Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.

Therefore, we examine whether Judge DeWeese had subject matter jurisdiction to order Leech removed from the residence. If Judge DeWeese acted with subject matter jurisdiction—even without personal jurisdiction over Leech—he did not act in the "absence of all jurisdiction" for purposes of our judicial immunity analysis, and thus would be entitled to absolute judicial immunity. *See id.* at 608 ("Since Judge Mascio's court had subject-matter jurisdiction over the case, he did not act 'in the complete absence of all jurisdiction' for purposes of the judicial immunity determination.").

The Richland County Court of Common Pleas is a court of general jurisdiction with jurisdiction over Griffeth's supervised release. Judge DeWeese had jurisdiction over matters related to Griffeth's early release from jail and his community control sanctions, including the condition prohibiting Griffeth's contact with Leech. *See* Ohio Const. art. IV, § 4(B); Ohio Rev. Code §§ 2929.15, 2929.15(B)(1), 2929.25. Judge DeWeese's order requiring Griffeth to comply with the no-contact condition of his supervised release by removing Leech from the house Griffeth owned fell squarely within Judge DeWeese's subject matter jurisdiction over Griffeth's supervised release. This includes the jurisdiction to enforce the community control sanctions implemented as part of the supervised release. *See id.* § 2929.15. Because the order to remove Leech from the house was an exercise of Judge DeWeese's subject matter jurisdiction over Griffeth's supervised release and the conditions of that release, Judge DeWeese has established his entitlement to absolute judicial immunity with regards to the order. Therefore, because Judge DeWeese acted in his judicial capacity and within the bounds of his jurisdiction, the district court erred in denying his motion to dismiss.

V.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **GRANT** Judge DeWeese's motion to dismiss.