RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0110p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

WENDY COCKRUN,

        *Plaintiff-Appellee*,

    *v.*

BERRIEN COUNTY, MICHIGAN, et al.,

        *Defendants*,

CELENA HERBERT, Sergeant; HANNAH NOFS, Deputy; MIRANDA BAILEY, Deputy; ABIGAIL PIFER, Deputy; SABRINA LARATTA; KRISTINA HENDERSON, Deputy; BRITTANY ZABEL, Deputy; ANDREA LENEWAY, Deputy; CAROL VAUGHN, Deputy; COREY BURKS, Lieutenant, in their individual and official capacities,

        *Defendants-Appellants*.

> No. 23-1291

─────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:21-cv-00070—Janet T. Neff, District Judge.

Argued: January 31, 2024

Decided and Filed: April 26, 2024[*]

Before: SILER, MATHIS, and BLOOMEKATZ, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:** James T. McGovern, STRAUB SEAMAN & ALLEN, P.C., St. Joseph, Michigan, for Appellants. Shawn C. Cabot, CHRISTOPHER TRAINOR & ASSOCIATES, White Lake, Michigan, for Appellee. **ON BRIEF:** James T. McGovern, STRAUB SEAMAN & ALLEN,

─────────────

[*]This decision was originally filed as an unpublished opinion on April 26, 2024. The court has now designated the opinion for publication.

P.C., St. Joseph, Michigan, for Appellants.  Jonathan A. Abent, CHRISTOPHER TRAINOR & ASSOCIATES, White Lake, Michigan, for Appellee.

_____

**OPINION**

_____

SILER, Circuit Judge.  In this interlocutory appeal from a partial denial of summary judgment, Defendants-Appellants Berrien County Jail officers ("Officers") argue that they properly raised a qualified immunity defense, and that Plaintiff-Appellee Wendy Cockrun's evidence did not create a genuine dispute of material facts to overcome summary judgment.  But we do not linger on the merits of the case or the standard of qualified immunity:  the issues presented can be answered solely on procedural grounds.  We conclude that Officers failed to sufficiently assert qualified immunity in their motion for summary judgment, and therefore forfeited the defense.  For that reason, we dismiss Officers' summary judgment claim for want of jurisdiction. In the alternative, we hold that even if Officers did assert qualified immunity, we still would not have jurisdiction over their appeal because they only raised questions of fact instead of questions of law.

**I.**

Cockrun was an inmate at the Berrien County Jail in Michigan.  In her amended complaint, she alleged that she was sexually assaulted by her roommate, Inmate Brooks, on multiple occasions; that she reported the assaults to Officers, who, in violation of her Eighth Amendment rights, failed to protect her from Brooks; and that, in retaliation for her complaints and in violation of her First Amendment rights, Officers placed her in administrative segregation. She also alleged that Officers violated her Fourteenth Amendment due process interest in personal security and asserted a *Monell* claim against the county.  In their answer, Officers denied all allegations.  They also noted that Cockrun's claims may be barred, in whole or in part, by qualified immunity.

Officers moved for summary judgment.  Their brief in support of their motion for summary judgment included the following three mentions of qualified immunity:

All Defendants deny the allegations in Plaintiff's Complaint and have asserted multiple Affirmative Defenses including qualified immunity. More detailed factual information will be provided to the Court in the appropriate Argument sections of this Brief.

As to the subjective component, the Individual Defendants are aware that for purposes of this Motion and any subsequent appeal on the qualified immunity pled by each of the Defendants, they must be willing to concede the most favorable view of the facts to the Plaintiff.

In this case, each of the Defendants is asserting a qualified immunity defense. In those circumstances, the District Court should consider whether each individual Defendant had a sufficiently culpable state of mind. . . . Each officer's circumstance is entitled to separate analysis.

Officers provided no further discussion of qualified immunity.

In its opinion and order on Officers' motion for summary judgment, the district court adopted the magistrate judge's report and recommendation granting in part and denying in part Officers' motion for summary judgment. It found Officers waived their qualified immunity defense because they raised it in only "a perfunctory manner, unaccompanied by some effort at developed argumentation." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted).[1] The district court pointed out that Officers "failed to cite the legal standard for qualified immunity and did not address the elements of qualified immunity as they relate to each" Officer's actions. It declined to "'put flesh on [the] bones' of Defendants' merely skeletal assertion of qualified immunity." *Id.* at 996.

The district court granted Officers' summary judgment motion as to Cockrun's First and Eighth Amendment claims against some individual Officers, her substantive due process claim against all individual Officers, and her claim against the county under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). It denied summary judgment as to the First and Eighth Amendment claims against the remaining Officers, finding that genuine issues of material fact remained.

---

[1]The district court used the word "waiver," but this is more appropriately a "forfeiture" analysis. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (alterations, internal quotations, and citations omitted).

Officers' instant interlocutory appeal followed.

## II.

Unlike other kinds of interlocutory appeal, we have jurisdiction over the interlocutory appeal of the denial of qualified immunity that raises purely legal issues and review it de novo. 28 U.S.C. § 1291; *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Cockrun argues that we do not have jurisdiction over Officers' summary judgment arguments because they waived qualified immunity, and moreover, because their arguments concern "whether there exists a genuine issue of fact for trial" rather than an "abstract or pure legal issue." *Gregory v. City of Louisville*, 444 F.3d 725, 742-43 (6th Cir. 2006) (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998)).

## III.

Officers allege that the district court erred in concluding that they failed to raise qualified immunity and accuse the district court of mischaracterizing the burden of proof with respect to qualified immunity. But the burden of proof of qualified immunity has little to do with the issue before us. Rather, at issue is Officers' failure to raise a developed qualified immunity argument before the district court.

Officers claim that their three mentions of qualified immunity were enough to raise the issue. But "an issue is deemed forfeited . . . if it is merely mentioned and not developed." *United States v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006); *see also United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal quotations and citation omitted). And to raise qualified immunity, the "[d]efendants bear the initial burden of coming forward with facts to suggest that they were acting within the scope of their discretionary authority." *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992). We have previously instructed district courts to "withhold judgment on issues not fully developed by the briefs or in the record. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Sandridge*, 385 F.3d at 1035 (quoting *Popovich v. Cuyahoga Cnty. Ct. of Common Pleas*, 276 F.3d 808, 823

(6th Cir. 2002) (Ryan, J. concurring in part and dissenting in part)). Because Officers only mentioned qualified immunity in their motion for summary judgment in a perfunctory manner, devoid of applied facts or developed argumentation, they forfeited qualified immunity.

We have affirmed a district court's denial of qualified immunity in similar circumstances. For example, the defendants in *Evans v. Vinson* asserted the defense of qualified immunity to the district court "in a one-and-a-half page statement of the law with no attempt at argument, and they cited only the first prong of the test: whether their alleged conduct violated a constitutional right." 427 F. App'x 437, 447 (6th Cir. 2011). We concluded that defendants failed to argue that the rights at issue were not clearly established and therefore forfeited the defense. *Id.* And in *Watkins v. Healy*, the defendant "cursorily reference[d]" qualified immunity in a boilerplate paragraph of his Rule 12(b)(6) motion. 986 F.3d 648, 666 (6th Cir. 2021). We held that "[b]y failing *properly* to assert qualified immunity in his Rule 12(b)(6) motion to dismiss, [the defendant] has forfeited this issue." *Id.* at 667 (emphasis added); *see also Ashford v. Univ. of Mich.*, 89 F.4th 960, 975 (6th Cir. 2024) (holding that defendants, who "made little effort to connect the facts in the record to [the] two-pronged test for qualified immunity," forfeited their qualified immunity argument given their "scant treatment" of the issue); *Pritchard v. Hamilton Twp. Bd. of Trs.*, 424 F. App'x 492, 503 (6th Cir. 2011) (holding that the defendants forfeited qualified immunity when they "adverted to [it] in a perfunctory manner, unaccompanied by some effort at developed argumentation") (internal quotations and citation omitted).

In reply, Officers cite *McNeal v. Kott* for the contention that a defendant need not argue both elements of qualified immunity to avoid forfeiture. 590 F. App'x 566, 569 (6th Cir. 2014). But the procedural history in *McNeal* differs from the procedural history here in a crucial way: In *McNeal*, the defendants invoked qualified immunity in their first motion for summary judgment, and the court denied their argument on its merits. *Id.* After discovery, the defendants twice again invoked qualified immunity, and the district court again denied it on its merits. *Id.* The alleged forfeiture came when defendants declined to explicitly invoke qualified immunity in their objections to a magistrate judge's report and recommendation. *Id.* But by that point, the plaintiff had multiple opportunities to review and respond to the defendants' qualified immunity argument and—crucially—was not prejudiced by its absence. *Id.* Such was not the case here:

Officers' failure to articulate the qualified immunity argument in their motion for summary judgment meant that Cockrun was unable to fully respond to the argument, and the district court would have been forced to "put flesh" on the argument's bones to determine its merits.[2] *See Sandridge*, 385 F.3d at 1036 (internal quotations and citation omitted); *see also Wheatt v. City of E. Cleveland*, 741 F. App'x 302, 305 (6th Cir. 2018) ("Consequently, they never challenged the plaintiffs to respond to a qualified-immunity claim; they did not compel the district court to decide the merits of a qualified-immunity dispute; and they did not preserve any substantive qualified-immunity question or error for appeal. That is forfeiture.").

Officers alternatively argue that we may still choose to consider their forfeited qualified immunity argument because to do otherwise would be a miscarriage of justice. Although we have discretion to consider a forfeited argument when not doing so would produce a plain miscarriage of justice, we have rarely exercised such discretion. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). This case, where Officers failed to show any cause for their failure to develop their qualified immunity argument, is not a compelling candidate for exercising that discretion.

Accordingly, we affirm the district court's conclusion that Officers forfeited qualified immunity by failing to develop the argument in their motion for summary judgment. Because Officers forfeited qualified immunity, their interlocutory appeal is simply a summary judgment argument over which we do not have jurisdiction. *See Mitchell v. Forsyth*, 472 U.S. at 530, 525 (holding that federal appellate courts have jurisdiction to hear interlocutory appeals challenging the denial of qualified immunity if the challenge raises legal questions).

**IV.**

Officers next ask us to conclude that there exists no genuine dispute of material fact as to Cockrun's First and Eighth Amendment claims. Even if Officers had not forfeited qualified

---

[2]Officers make much of the fact that Cockrun "responded" to their alleged invocation of qualified immunity. But when Cockrun responded to Officers' motion for summary judgment, she was responding to what she *thought* Officers' argument might be—she had no way of responding to the actual argument, because Officers did not make any argument. In any event, Cockrun should not be penalized for presenting a thorough counterargument to what she *guessed* Officers' argument to be.

immunity, we still would not have jurisdiction to consider this question in an interlocutory appeal. "The Supreme Court has clearly held that a district court's determination that there exists a triable issue of fact cannot be appealed on an interlocutory basis, even when that finding arises in the context of an assertion of qualified immunity." *Gregory*, 444 F.3d at 742 (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995) ("[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial.")).

Officers point out that this court *does* have jurisdiction over pure questions of law. *See Moldowan v. City of Warren*, 578 F.3d 351, 369 (6th Cir. 2009). While true, this point does not get Officers far, because Officers only present questions of fact. For instance, in the Statement of Issues, they assert that the district court "erred when it found a genuine issue of material fact . . . based on Plaintiff's inconsistent, self-serving deposition testimony and pleadings." And in their brief, they argue that the district court "erred when it determined that Plaintiff raised evidence to create a genuine issue of material fact such that a reasonable juror could find in her favor." Even in reply, Officers are still unable to pose a question of law. "[I]f what is at issue in the appeal is nothing more than whether the evidence could support a finding that particular conduct occurred," as it is here, "there is no appellate jurisdiction because that question is inseparable from the merits of the plaintiff's claim." *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998) (internal quotations and citation omitted); *see also Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008) ("Thus, to the extent that the denial of qualified immunity is based on a factual dispute, such a denial falls outside of the narrow jurisdiction of this Court."); *Gregory*, 444 F.3d at 743 ("To be clear, an appellant's contention that the district court erred in finding a genuine issue of fact for trial is not the type of legal question which we may entertain on an interlocutory basis.").

In their reply, Officers argue that the district court's characterization of the basis for its ruling is not dispositive, and that we may exercise jurisdiction over the appeal to the extent it raises questions of law. *See Moldowan*, 578 F.3d at 371. But there are two issues with this

argument:  First, once again, Officers can point to no pure question of law for us to resolve.[3] Even if we assume Officers properly raised qualified immunity below and on appeal, their argument still boils down to disputing the facts underlying Cockrun's claims—which, again, this court cannot visit on interlocutory appeal.

Second, it is clear that the district court's holding on these claims was focused on whether the record set forth genuine issues of fact for trial.  In discussing Cockrun's First Amendment claim, the district court held that summary judgment "must be denied because genuine issues of material fact exist as to Defendants' reasons for placing Plaintiff in administrative lockdown. The district court rightly characterized this dispute about Officers' true motivation as a fact question and not a law question.  And in discussing her Eighth Amendment claim, the district court held that "[v]iewing the evidence in the light most favorable to Plaintiff, the court concludes that reasonable jurors could find that [Officers] were aware that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."  Despite Officers' suggestion, the decision could not be characterized as raising questions of law. *Moldowan*, 578 F.3d at 371.

Our jurisdiction ends once a defendant's argument "drifts from the purely legal into the factual realm and begins contesting what really happened." *Berryman*, 150 F.3d at 564-65.  In their exhaustive merits-based arguments, Officers have drifted well into the factual realm.  We therefore lack jurisdiction for two reasons: because of the forfeiture issue at the outset, and because aside from the forfeiture problem, Officers failed to articulate pure questions of law.

We **AFFIRM** the district court's conclusion that Officers forfeited their qualified immunity defense.  We **DISMISS** Officers' appeal of the denial of their motion for summary judgment on Cockrun's First and Eighth Amendment claims for lack of jurisdiction.

---

[3]To the extent that Officers attempt to blur the boundary between questions of law and fact, our opinion in *DiLuzio v. Vill. of Yorkville* is instructive:

> These types of prohibited fact-based (evidence sufficiency) appeals challenge directly the plaintiff's allegations (and the district court's acceptance) of what actually occurred or why an action was taken or omitted, who did it, or nothing more than whether the evidence could support a jury's finding that particular conduct occurred.

796 F.3d 604, 609 (6th Cir. 2015) (cleaned up).