2011 VT 3

**J. Daniel MAHONEY, et al. v. TARA, LLC**

[15 A.3d 122]

No. 09-433

¶ 1. January 12, 2011. What is in a name? The question this appeal presents is whether the name of a property owner, without more, is sufficient to protect land from an adverse possession claim. Plaintiffs, the Mahoney siblings, appeal from the trial court's grant of a motion to dismiss in favor of defendant, Tara, LLC. Plaintiffs claim ownership of a strip of beach located between the parties' properties. They argue the trial court prematurely dismissed their adverse possession claim, improperly applied an exemption to adverse possession without sufficient development of the record, and erred in applying the same exemption to their claim of acquiescence. We reverse and remand.

¶ 2. The facts underlying this case are relatively straightforward and center on a disputed boundary line separating the parties' properties on the shore of Lake Champlain in Colchester. Plaintiffs' family began renting a property on the lake (the Mahoney Lot) in 1949 and eventually purchased it in 1976. Throughout their lease and ownership of the Mahoney Lot, and by the terms of their deed, plaintiffs enjoyed the use of approximately seventy-five feet of lake frontage. The adjacent lot to the northeast (the Tara Lot) was owned by Vermont Catholic Charities, Inc. (VCC) from 1958 until 2006 when it was sold to defendant. During VCC's ownership of the Tara Lot, VCC recognized the disputed boundary line where plaintiffs believed it to be and marked it with signs. In 2007, defendant filed an application to subdivide the Tara Lot and included in

the application a survey showing its southerly boundary line cutting plaintiffs' beach in half (the Disputed Portion).

¶ 3. Plaintiffs filed suit to quiet title on the Disputed Portion and raised four claims: (1) ownership by deed; (2) ownership by adverse possession; (3) ownership by acquiescence; and (4) ownership by equitable estoppel. They also requested injunctive relief to halt defendant's application for a subdivision. In their complaint, plaintiffs alleged the above facts, stating that VCC had owned the Tara Lot and acquiesced to plaintiffs' mistaken boundary line. While they noted the fact that the name of the previous owner was "Vermont Catholic Charities, Inc.," they included nothing about VCC's use of the Tara Lot during its ownership.

¶ 4. In response to the complaint, defendant moved to dismiss plaintiffs' latter three claims on the ground that plaintiffs could not satisfy the fifteen-year limitations period for adverse possession because defendant's predecessor in interest was VCC, and therefore, the subject property was protected from such claims by 12 V.S.A. § 462. This statute exempts from adverse possession claims "lands given, granted, sequestered or appropriated to a public, pious or charitable use." 12 V.S.A. § 462. Plaintiffs opposed the motion, highlighting the importance of creating a factual record through discovery and claiming that defendant did not necessarily have standing to exert the § 462 exemption.

¶ 5. The trial court granted defendant's motion, ruling that VCC's ownership of the land prevented plaintiffs from fulfilling the necessary fifteen-year period for adverse possession. The court brushed aside plaintiffs' standing argument noting that defendant "only owned the property for a year and a half, and any 15-year possession period would extend back into VCC's ownership." The court continued: "The adverse possession clock is tolled while a pious or charitable owner holds the property. The adverse possession claim fails as a matter of law." The court then applied the same logic to the acquiescence claim "because it also depends on completion of the 15-year period." Finally, the court dismissed plaintiffs' claim for equitable estoppel because plaintiffs "do not allege that they have relied to their detriment on facts known to Defendant or its predecessor, VCC, which is a required element of equitable estoppel." Plaintiffs moved for an interlocutory appeal, which the trial court denied. The court also ruled for defendant on subsequent cross-motions for summary judgment on the claim of ownership by deed.

¶ 6. Plaintiffs appeal from the trial court's dismissal of their complaint, specifically the claims of adverse possession and acquiescence. They do not contest the court's ruling on their claims of ownership by deed or by equitable estoppel. They argue that the court's decision foreclosed their ability to prove adverse possession of the disputed property in the period before VCC purchased the land. Moreover, they contend the court erred in dismissing the claim based on 12 V.S.A. § 462 without allowing any discovery and without any showing that VCC's use qualified for the protection the statute provides. They make much the same arguments with regard to their claims for ownership by acquiescence, asserting there was an insufficient factual record for judgment and that § 462 does not apply to an acquiescence claim, contrary to the trial court's ruling.

¶ 7. On review of a motion to dismiss a cause of action for failure to state a claim upon which relief may be granted under Vermont Rule of Civil Procedure 12(b)(6), we employ the same standard as the trial court: "A motion for failure to state a claim may not be granted unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Kaplan v. Morgan*

*Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605, 987 A.2d 258 (mem.) (quotation omitted). We assume that "all factual allegations pleaded in the · complaint are true, . . . accept[] as true all reasonable inferences that may be derived from plaintiff's pleadings[,] and assume[] that all contravening assertions in defendant's pleadings are false." *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 824 A.2d 586 (quotation omitted).

¶ 8. Plaintiffs' first claim is that they should be given an opportunity to establish a claim of adverse possession in the period before VCC's ownership of the Tara Lot. This argument fails because it is contrary to the wording of the complaint. As drafted, the claim for adverse possession alleges only that "[p]laintiffs and their predecessors in interest have openly and notoriously, used and occupied the Disputed Portion under a claim of right since 1949." Taking this allegation as true, plaintiffs and their predecessors could count nine years of possession toward their claim — from 1949 until VCC purchased the Tara Lot in 1958. Even under this factual scenario, plaintiffs' claim of ownership by adverse possession fails without including some portion of the time period that VCC owned the Tara Lot.

¶ 9. Plaintiffs' second argument is more profitable. They claim the trial court erroneously assumed that § 462 provides a complete exemption for all public, charitable, and pious owners, regardless of the actual use of the property. Plaintiffs cite to a series of our cases wherein we held § 462 did not bar claims of adverse possession against public or charitable land owners because their use (or lack of use) of the land — as distinct from their identity as public, pious, or charitable entities — was not to a public end. See, e.g., *MacDonough-Webster Lodge No. 26 v. Wells*, 2003 VT 70, 175 Vt. 382, 834 A.2d 25; *Jarvis v. Gillespie*, 155 Vt. 633, 587 A.2d 981 (1991). Because the trial court cut short any factual discovery in this case, plaintiffs reason, it lacked grounds upon which to determine the nature of VCC's use of the Tara Lot.

¶ 10. The text of § 462 and our cases support plaintiffs' argument. In full, it reads: "Nothing contained in this chapter [relating to the limitation of actions] shall extend to lands given, granted, sequestered or appropriated to a public, pious or charitable use, or to lands belonging to the state." 12 V.S.A. § 462. By its plain terms, the focus of the exemption is not on lands *held* by a public pious or charitable user, as the trial court's ruling suggests, but rather on "lands given, granted, sequestered or appropriated to a public, pious or charitable *use.*" *Id.* (emphasis added). This point is further emphasized by the statute's exemption of lands owned by the state without regard to how the state uses this land.

¶ 11. We recognized the distinction between the landowner's identity and its actual use of the land in *Jarvis*, where we held that § 462 "does not provide a blanket exemption" based on ownership. *Jarvis*, 155 Vt. at 642, 587 A.2d at 987. Rather, we upheld the trial court's ruling in favor of the adverse possessor because the public landowner had done "nothing with the parcel for fifty-one years." *Id.* at 643, 587 A.2d at 988. In a more recent case, we recognized that where a charitable organization owned land, but where its primary use of the land was not for public benefit, it did not merit the protection of § 462. *MacDonough-Webster*, 2003 VT 70, ¶ 16; see also *In re .88 Acres of Property*, 165 Vt. 17, 20, 676 A.2d 778, 780 (1996) (noting "the term 'given, granted, sequestered or appropriated to a public . . . use' in § 462 refers to the use made of the property by the legal owner" (alteration in original)). Our analysis of the purpose behind § 462 in *MacDonough-Webster*, including a substantial review of its historical roots, emphasized the purpose of the law as "ensuring that adverse

possession law does not infringe upon public benefit." 2003 VT 70, ¶ 11; see also *id.* ¶¶ 13-16 (applying "public use" test, developed for 32 V.S.A. § 3802(4), to determine property's eligibility for § 462 exemption). In all of our cases, we have recognized the necessarily fact-intensive nature of the inquiry under § 462. The trial court's reliance, with no analysis, on the name of the Tara Lot's previous owner was error. While the name, Vermont Catholic Charities, Inc., certainly suggests it is a pious or charitable organization, the name alone does not reveal whether the *use* of the property was for a privileged purpose. The trial court's reliance on an assumption requires reversal and a remand.

¶ 12. Defendant argues that the issue is not one of development of a factual record, but rather one of sufficiency of the pleadings. Defendant points out that plaintiffs have failed to plead essential facts because in averring in their complaint that VCC was the prior land owner, they have invited the presumption that § 462 applies to the land — essentially by using the words "Catholic" and "Charities" in naming VCC — and have pled no facts to overcome the presumption. In support of this argument, defendant quotes *Jarvis*. See *Jarvis*, 155 Vt. at 643, 587 A.2d at 987 (noting standard applied under § 462 "provides only for a presumption that the property is given to a public use which can be rebutted by evidence to the contrary"). This argument is unavailing, and defendant cites no persuasive precedent to support its position. Our pleading standard under Vermont Rule of Civil Procedure 8 is clear: "The key to whether a complaint is sufficient is notice; the complaint must provide a statement clear enough to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Prive v. Vt. Asbestos Group*, 2010 VT 2, ¶ 15, 187 Vt. 280, 992 A.2d 1035 (quotation omitted). Defendant does not claim it lacked notice.

Failure to plead facts in order to rebut the force of the § 462 presumption is not adequate grounds for granting a motion to dismiss. This is especially true when the pleadings alleged only ownership by an organization with "Catholic" and "Charities" in its title, and it was the trial court which inferred that such an organization's use of the property necessarily had a pious or charitable purpose. This is not the type of "fishing expedition," filed in hopes of discovering some possible cause of action, see *Prive*, 2010 VT 2, ¶ 15, that would lead us to demand more specific pleadings. Rather, it is the type of case that requires discovery to provide an adequate basis for adjudication.

¶ 13. Plaintiffs' third argument dovetails with the second. The trial court ruled that "because [the acquiescence claim] also depends on completion of the 15-year period [for possession of land] in [12 V.S.A.] § 501, [it is] made inapplicable by § 462." Based on the above rationale, we must reverse the trial court and remand the case on this point for further factual development. Given this determination, we need not address plaintiffs' argument that § 462 is inapplicable to claims of acquiescence.

*Reversed and remanded.*