*Fidler v. Touchette*, No. 537-10-19 Wncv (Tomasi, J., Feb. 28, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 537-10-19 Wncv |

| | |
|---|---|
| Matthew Fidler,<br>        Plaintiff<br><br>        v.<br><br>Michael P Touchette,<br>Joshua Rutherford,<br>        Defendants | |

### Opinion and Order on Defendants' Motion to Dismiss

Plaintiff brings this claim against two corrections officials in their individual and official capacities. He asserts claims under the federal Constitution and Vermont tort law arising out of an alleged slip and fall that occurred at a correctional facility and the allegedly inadequate medical care that he received. He seeks monetary damages for his alleged injuries. Defendants have moved to dismiss on various grounds. Plaintiff has opposed the motion. The Court makes the following determinations.

I.     The Standard

The Vermont Supreme Court disfavors Rule 12(b)(6) motions to dismiss. "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In

considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

II.     The Federal Constitutional Claims

A.     Official Capacity Claims

Plaintiff has asserted what amount to claims for deprivations of his constitutional rights under the United States Constitution. Such claims must be brought pursuant to 42 U.S.C. § 1983. As Defendants correctly argue, however, a constitutional claim for retrospective money damages against a state official in his official capacity cannot be maintained under Section 1983. The United States Supreme Court has made clear that a state official in his "official capacity" is not "a person" subject to suit under Section 1983. *Will v. Michigan*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663-65 (1974); *accord J. Endres v. Ne. Ohio Med. Univ.*, No. 18-3825, 2019 WL 4125263, at *10 (6th Cir. Aug. 30, 2019) ("state defendants acting in their official capacities are not 'persons' under § 1983 with respect to claims for monetary damages").[1]

The federal claims against Defendants in their official capacities are dismissed.

---

[1] A plaintiff may sue a state official under Section 1983 to obtain forward-looking injunctive relief. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Plaintiff has not sought such a remedy in this case.

2

B.    Individual Capacity Claims

Plaintiff's claims against Defendants in their individual capacities fare better, at least at this early stage. As an initial matter, claims against an individual state official for violations of federal constitutional rights are cognizable under Section 1983. Defendants' motion challenges the Complaint by asserting that it does not allege that the Defendant had sufficient "personal involvement" with the alleged constitutional violations to state a claim. Indeed, the law is well settled that supervisors cannot be held liable under Section 1983 simply because of their status as supervisors. Instead, they must have played a meaningful role in the constitutional violation. *See, e.g., Bass v. Jackson*, F.2d 260, 263 (2d Cir. 1986). Relying on federal precedent, the Defendants argue that Plaintiff must set out sufficient facts in the Complaint to support his claim for supervisory liability. The Court disagrees.

Whatever is required procedurally in federal court, under existing Vermont precedent, a complaint need not provide such detail. Instead, it need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Vt. R. Civ. P. 8. The rule that a complaint need only "'provide[ ] the defendant with notice of the claims against it' is an attempt to strike a balance between 'encouraging valid, but as yet underdeveloped, causes of action and discouraging baseless or legally insufficient ones,' mindful that the complaint's 'purpose is to initiate the cause of action, not prove the merits of the plaintiff's case.'

3

*Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1, 955 A.2d 1082." *Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71, ¶ 20 (Vt. Oct. 4, 2019).

In this instance, the Complaint is sufficient to put Defendants on notice of the alleged supervisory claim. It need not go into detail as to the precise level of personal involvement because the Court can only dismiss if there are *no set of facts* consistent with the Complaint that could warrant relief. *Bock*, 2008 VT 81, ¶ 4, 184 Vt. at 576. It cannot make that determination here.

A similar result ensues with regard to Defendants' assertion that the Complaint fails to allege that Defendants were "deliberately indifferent" to his medical care. No doubt, that is the correct standard that Plaintiff will need to meet to establish his claim. The Complaint is not fatally defective, however, for failing to employ that precise language.

The motion to dismiss the Section 1983 claims against Defendants in their individual capacities is denied.

III.     The State Tort Claims

Claims against state officials for torts committed in the course of their duties are governed by the Vermont Tort Claims Act (VTCA). 12 V.S.A. §§ 5601-08. The VTCA requires that negligence claims be brought against the "State of Vermont." This Court has already ruled that, in this context, a claim against a state official in his official capacity is not cognizable under the VTCA. *See Blatt v. Touchette*, Docket No. 286-5-19 Wncv (Sept. 9, 2019). The Court adheres to that determination.

4

Accordingly, the tort claims against both Defendants in their official capacities are dismissed.[2]

## A.     Defendant Touchette – Individual Capacity

Defendant Touchette was the Commissioner of Corrections.  State law provides that such officials are absolutely immune from suit.  *See Curran v. Marcille*, 152 Vt. 247, 248-49 (1989).

That VTCA claims against Defendant Touchette in his individual capacity are dismissed.

## B.     Defendant Rutherford  -- Individual Capacity

Defendant Rutherford argues that the Complaint should be dismissed against him in his personal capacity because Plaintiff's cause of action for negligence is rightly brought solely against the State.  12 V.S.A. § 5602.  He is correct as regards any negligence claim.

Defendant overreaches, however, in saying that all tort claims should be dismissed against him.  The VTCA allows claims for gross negligence to be lodged against an individual state employee.  *Id.*  At this early stage, and in light of the *Bock* standard, the Court cannot conclude that the Complaint does not plead a claim for gross negligence.

Accordingly, the negligence claim against Defendant Rutherford is dismissed; a claim for gross negligence remains.

---

[2] That ruling does not preclude the Plaintiff from seeking to amend his claim to name the State of Vermont in connection with his negligence claims.

C.     Medical Malpractice

To the extent the Complaint can be read to assert a claim for medical malpractice, it is also subject to dismissal.  The Court agrees with Defendants that Plaintiff has not complied with the procedural requirements that must be followed to initiate such a suit.  12 V.S.A. §§ 1042 (a) & (e).

Accordingly, the medical malpractice claim under state law is dismissed.

IV.     Conclusion

In light of the foregoing, the motion to dismiss is granted, in part, and denied, in part.

Electronically signed on February 27, 2020 at 5:06 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge