Vermont Superior Court
Filed 10/02/23
Washington Unit

SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03438

Christopher White v. Anne Brereton, et al

Opinion and Order on Defendants' Motion to Dismiss

Plaintiff filed this action alleging that the medical care he received from the Defendants, both healthcare providers, fell below the applicable medical standard of care and that he sustained injury as a result. Defendants have moved to dismiss arguing that Plaintiff's complaint is not supported by the mandatory certificate of merit required by 12 V.S.A. § 1042(a). Plaintiff counters that the Defendants committed medical malpractice by mistreating his elbow bursitis that had progressed to a staph infection. He also claims that Defendants failed to obtain his informed consent to procedures, including an aspiration, of his elbow. He claims that he can self-certify his complaint based on his acquired medical acumen. The Court makes the following determinations.

Standard

"Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations

pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

Though that standard informs the Court's review, where, as here, the basis for a dismissal is the failure to adhere to a statutory prerequisite to suit, the Court must determine compliance with that directive as a legal determination.

<u>Discussion</u>

Defendants' argument is straightforward: Section 1042(a) requires there to be a certificate of merit that is filed along with the complaint. The only exceptions to that rule, 12 V.S.A. § 1042(e) & (f), are inapplicable; and no certificate of merit was filed by Plaintiff. Accordingly, the complaint must be dismissed. Plaintiff maintains that he may self-certify the complaint based on his own Red Cross training and internet research.

The demand for a certification of merit comes directly from the Legislature. Section 1042 provides:

> (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint. In the certificate of merit, the attorney or plaintiff shall certify that he or she has consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion is rendered, the health care provider has:

(1) described the applicable standard of care;

(2) indicated that based on reasonably available evidence there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and

(3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a).

Defendants are correct that this provision "demands strict compliance." *Quinlan v. Five Town Health Alliance, Inc.*, 2018 VT 53, ¶ 19, 207 Vt. 503, 511. As the statute itself states: "The failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice." *Id.* § 1042(e).

As to Plaintiff's assertion that his own statements meet the above requirements, assuming a plaintiff can self-certify her own medical malpractice complaint,[1] no such certificate was filed along with the Complaint. Compliance after the fact does not meet the statute's "simultaneous[]" demand and is legally insufficient. *See McClellan v. Haddock*, 2017 VT 13, ¶ 25, 204 Vt. 252, 264.

Second, regardless of Plaintiff's self-study and Red Cross training, Section 1042(a) requires that the certificate of merit come from someone who is qualified as an expert under Vt. R. Evid. 702 to opine as to various matters including the applicable medical standard of care in the community, s*ee* 28 V.S.A. § 801(a) (DOC

---

[1] The Court assumes, *arguendo*, that an appropriately qualified plaintiff may be able to self-certify her own complaint. The Court believes the question is not without doubt, however.

is to "provide health care for inmates in accordance with the prevailing medical standards"), the breach of that standard, and causation. Plaintiff's filings do not aver that he has sufficient background and training to be deemed an expert and to be able to opine as to those areas. *Cf. Begin v. Richmond*, 150 Vt. 517, 520 (1988) (medical malpractice "must be proved by expert testimony."); *Larson v. Candlish*, 144 Vt. 499, 502 (1984) (similar). As a result, even if the Court accepted Plaintiff's self-certification, it would not meet the exacting demands of Section 1042(a).[2]

Nor does the exception in Section 1042(e) for "rare instances" where malpractice can be proven without expert testimony afford Plaintiff any relief. Plaintiff's allegations of malpractice here simply do not present a case where the medical standard of care and the failure to adhere to it are so obvious and extreme that they would be able to be determined solely by lay testimony. *See Larson v. Candlish*, 144 Vt. 499, 502 (1984); *Senesac v. Assocs. in Obstetrics & Gynecology*, 141 Vt. 310, 313 (1982). Plaintiff claims a failure properly to diagnose his elbow bursitis, which had progressed to a staph infection, and that the treatment provided was not appropriate for such a condition. Sorting through such allegations requires expert medical opinion and testimony and does not fall within the ken of typical jurors. *Cf. Bittner v. Centurion of Vermont, LLC*, 2021 VT 73, ¶ 24, 215 Vt. 475, 484 (jurors can make a determination that the standard of care is breached "when a

---

[2] Plaintiff has filed a sur-reply. The Civil Rules do not allow such filings absent motion. Even if the Court considered it, however, it would not change the conclusions of this Opinion. To the extent Plaintiff seeks to rely on his own medical records, those cannot take the place of the certificate of merit required by Section 1042.

4

surgeon leaves a foreign object inside [a] patient's body during surgery"); *Crystal Coca-Cola Bottling Co. v. Cathey*, 317 P.2d 1094, 1100 (Ariz. 1957) (jury "does not require the aid of expert medical evidence in order to determine that the discovery of a fly in a mouthful of Coca-Cola caused the vomiting which immediately followed the discovery").

Based on the above, Plaintiff's direct medical malpractice claim is dismissed.

Defendants also seeks dismissal of Plaintiff's medical malpractice claim that is based on an alleged failure to get his "informed consent" for certain procedures concerning his elbow. While there is an exception in Section 1042(f) for such claims, Defendants maintain that the exception applies only where a plaintiff seeks relief "*solely*" based on lack of informed consent. Since Plaintiff in this case also filed a claim alleging direct medical negligence, Defendants argue that Plaintiff cannot rely on the exception. The Court disagrees.

Section 1042(f), by its terms, states that the requirement of obtaining a certificate of merit "shall not apply to *claims* where the sole allegation against the health care provider is failure to obtain informed consent." (Emphasis added). Had the Legislature intended to bar complaints containing both types of claims, it could have chosen that language. By using the word "claims," however, the Legislature's intent is clear: claims based solely on lack of informed consent can proceed without a certificate merit; others may not.

Accordingly, Plaintiff's malpractice claim that is based solely on the alleged failure to obtain his informed consent is not dismissed.

5

WHEREFORE, Defendants' motion to dismiss is granted as to the direct malpractice claim and denied as to the malpractice claim based on the alleged failure to obtain informed consent.

Electronically signed on Thursday, September 28, 2023, pursuant to V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge