VERMONT SUPERIOR COURT

Washington Unit

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org



CIVIL DIVISION
Case No. 88-2-20 Wncv

Mountainside Condominium vs. Jamieson Risk Service

### Opinion and Order on Plaintiffs' Second Motion to Amend

After the original plaintiff, the Mountainside Condominium Association ("MCA"), assigned its claims in this case to a certain group of unit-owners, they amended the complaint to clarify the claims asserted against Defendant Jamieson Risk Service ("Jamieson") due to asserted insufficient insurance related to the 2014 fire loss of one of MCA's buildings.[1]  So clarified, the claims in the first amended complaint are: (1) breach of contract; (2) breach of fiduciary duty/negligent procurement of insurance; (3) negligent misrepresentation; and (4) breach of the implied covenant of good faith and fair dealing. Plaintiffs now propose a second amendment to: (a) remove a plaintiff who has died; (b) further clarify the factual allegations; and (c) add a claim under the Vermont Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2466c.  In substance, the CPA claim seeks a new remedy based on the allegations supporting the other claims.

Jamieson opposes the amendment only insofar as the new CPA claim goes.  It argues that the amendment is "untimely," the claim is futile because the CPA does not apply to the insurance marketplace, and the claim is futile because it is premised on a

---

[1] A description of the related cases leading up to the assignment is available in the Court's February 11, 2024, decision on Plaintiffs' motion to strike.

Order

88-2-20 Wncv Mountainside Condominium vs. Jamieson Risk Service

Page **1** of **6**

specific statement that is mere puffery or a generalized statement that could not have been reasonably relied upon.

I.    Procedural Standard

Vt. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4, 184 Vt. 1, 5 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the Court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile" in that it would fail to state a claim upon which relief can be granted. *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

The standard to deny amendment based on futility is the same as that for dismissal under Vt. R. Civ. P. 12(b)(6). *See IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that

there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557 (mem.) (internal quotation, brackets, and ellipses omitted).

## II.   Analysis

As noted, the Court's analysis of the motion must proceed through both Rules 15 and 12.

### A.   Undue Delay

As to timeliness, there can be no doubt that adding a new claim over four years into the litigation comes late, and Plaintiffs' offer no reason whatsoever for the delay. The CPA claim is based on the same core factual allegations that support the claims in both the original and first amended complaints. There is no reason Plaintiffs could not have asserted the CPA claim in the original complaint or anytime thereafter. In any event, the palpable question is less about how much time has gone by and more about the delay, if any, that raising the claim now might cause. Indeed, amendments to pleadings are allowed even during trial. Vt. R. Civ. P. 15(b). In this regard, Jamieson has not suggested that adding the CPA claim now will cause any inefficiencies with regard to discovery, experts, or any other pretrial matters. Plaintiffs argue that because adding

the new claim amounts to little other than seeking additional remedies based on the same facts, no such inefficiencies will occur.

While there is no explanation as to what took so long to add the CPA claim, the Court does not see that adding it now will cause any prejudicial delay or inefficiencies in pretrial proceedings.[2] Undue delay in seeking the remedy, standing alone, is not a persuasive reason to deny amendment.

### B. Futility—Whether the CPA Applies to Insurance

Jamieson also argues that the CPA claim is futile because the CPA, as a matter of law, does not apply to insurance transactions. In *Greene v. Stevens Gas Serv.*, 2004 VT 67, ¶ 10, 177 Vt. 90, 95, the Vermont Supreme Court acknowledged the argument that the 1985 amendments to the CPA abrogated its holding in *Wilder v. Aetna Life & Cas. Ins. Co.*, 140 Vt. 16, 18–19 (1981), to the effect that the CPA does not apply to insurance. The *Greene* Court, however, resolved that case on an alternative basis without reaching this question; and the Vermont Supreme Court never since has ruled on the matter.

The undersigned has addressed this issue in a different case, concluding that the CPA generally extends to the insurance marketplace. *See Blake v. Progressive Northern Ins.*, No. 164-9-15 Oecv, 2016 WL 1167746, at *2 (Vt. Super. Ct. Feb. 04, 2016) ("The 1985 amendments to the [CPA] fully undermine the basis for the Supreme Court's ruling in *Wilder*. Given the Legislature's significant expansion of the definition of matters covered by the [CPA]—from "delivery, installation, servicing, repair or improvement" of "tangible personal chattel" to "intangibles" and "property and services of any kind"—this

---

[2] The opposite was so when Jamieson recently sought to implead a third party. *See* the Court's February 11, 2024, decision on Plaintiffs' motion to strike. Doing so largely would have started the case over.

Court believes that the [CPA] now covers transactions involving the sale of insurance."). Other courts have been of like mine. *Vermont Mut. Ins. v. Bradley*, No. 314-9-20 Wncv, 2021 WL 4303970, at *4 (Vt. Super. Ct. Jan. 11, 2021) (Bent, J.); *Johnson v. Smith Bros. Ins.*, No. 1062-12-18 Cncv, 2020 WL 5875652, at *2 (Vt. Super. Ct. Feb. 18, 2020) (Toor, J.); *Stinson v. Union Mut. Fire Ins. Co.*, No. 103-7-18 Oecv, 2019 WL 13061475, at *4 (Vt. Super. Ct. Apr. 01, 2019) (Harris, J.); *Bertelson v. Union Mut. Fire Ins. Co.*, No. 834-04 Cncv, 2004 WL 7325433, at *2 (Vt. Super. Ct. Nov. 22, 2004) (Norton, J.).

Jamieson's argument to the contrary brings nothing new to the table and does not persuade the Court that the cited decisions got it wrong. At a minimum, regardless of the ultimate merit of Plaintiffs' claim, the CPA extends to the insurance marketplace. The proposed amendment cannot fail to state a claim on that basis.

C.     Futility—Unactionable Puffery and Generalized Statements

Lastly, Jamieson argues that Plaintiffs' CPA claim is premised on a single statement Jamieson made after being hired. It quotes that statement in its opposition filing. *See* Jamieson's Opposition to Plaintiffs' Motion to Amend at 9 (filed May 23, 2024). It then argues that the statement cannot amount to a violation of the CPA because it is mere puffery or an unactionable generalized statement.

The Court's rejects this argument as a basis for denying amendment. The statement quoted in Jamieson's opposition does not appear in the proposed amendment. More importantly, the allegations within the four corners of the proposed amendment do not point to any one statement as the basis for the CPA claim. Rather, Plaintiffs allege that the MCA, having no insurance expertise, sought to hire an expert to manage its insurance needs. The MCA hired Jamieson, it is alleged, due to representations as to its

expertise and that reviews and determinations would be made to ensure that the MCA was adequately insured.  Plaintiffs allege that MCA relied on Jamieson's representations, hired it, and the result was disastrous and costly.

The Court must evaluate such a claim through the focused lens of Rule 12(b)(6). Regardless of whether the actual evidence is later determined to demonstrate a violation of the CPA, there is no basis to dismiss the allegations at this time as mere puffery or unactionable generalizations.  The allegations are sufficient to state a claim under the liberal standards of Rule 12.

Conclusion

For the foregoing reasons, Plaintiffs' motion to amend is granted.  The second amended complaint is to be served per Vt. R. Civ. P. 5.

Electronically signed on Monday, June 24, 2024, per V.R.E.F. 9(d).


_____

Timothy B. Tomasi
Superior Court Judge

Order
88-2-20 Wncv Mountainside Condominium vs. Jamieson Risk Service

Page **6** of **6**