Filed 12/20/24

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
| --- | --- | --- |

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03459

| George Woods v Tina Heywood et al |
| --- |

Opinion and Order on Defendants' Motion to Dismiss

Plaintiff George Woods claims that he is illegally incarcerated by the Vermont Department of Corrections (DOC) because his aggregate sentence was miscalculated and no one will correct it. If it had been corrected as he thinks it should, he would have maxed out by now. In this case, he seeks to impose civil liability on several DOC officials and two Superior Court judges, all of whom are alleged to be aware of the miscalculation and have not corrected it. All Defendants have filed a motion to dismiss arguing that all the claims necessarily depend on proof of the alleged sentence miscalculation, Mr. Woods has litigated that matter in at least two other cases, the issue has been ruled on, and the doctrine of issue preclusion (collateral estoppel) prevents him from contesting the matter again in this case. The judges and the commissioner of the DOC also argue that they are entitled to absolute immunity. Mr. Woods has opposed the motion.

I.      Dismissal Standard

Motions to dismiss test the legal basis for a complaint. Dismissal is warranted where "there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded

in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

II. <u>Immunity</u>

Plaintiff seeks to sue the Commissioner of Corrections and two Superior Court Judges, asserting that they reviewed his sentence and failed to make the corrections he sought. Defendants assert that they are not amenable to suit based on absolute official immunity. The Court agrees.

Because official immunity is, as the name suggests, an immunity from suit rather than a defense from liability, *see Murray v. White*, 155 Vt. 621, 626 (1991), it should be decided in the opening stages of a case. *Id.* at 626. That way, state officials need not bear the burden of discovery and litigation. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). There is also competent authority holding that official immunity is a matter that goes directly to the Court's subject-matter jurisdiction, which needs to be determined at the outset of a proceeding. *See, e.g., Leech v. DeWeese*, 689 F.3d 538, 540 (6th Cir. 2012) (characterizing absolute judicial immunity as a jurisdictional defense).

The doctrine of absolute immunity applies to "judges, legislators, and the State's highest executive officers when they are acting within the scope of their respective authorities." *LaShay v. Dep't of Soc. & Rehab. Servs.*, 160 Vt. 60, 64 (1993). Such officers are entitled to absolute immunity so long as their acts fall within even the "outer perimeter of [their] authority and discretion." *O'Connor v. Donovan*, 2012 VT 27, ¶ 9, 191, Vt. 412, 418-19; *see Curran v. Marcille*, 152 Vt. 247, 249 (1989) (immunity applies

when exercising "general authority" of the office); *Levinsky v. Diamond*, 151 Vt. 178, 185 (1989), *overruled, in part, on other grds by, Muzzy v. State*, 155 Vt. 279 (1990).

In the context of claims against judges, the precise question is whether the Complaint makes allegations of misconduct occurring while the judge was acting in a "judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990). The "factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." 435 U.S. at 362. Only conduct plainly falling outside of the judge's jurisdiction can form the basis of an actionable claim. *Id.* at 356. And the "scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.*

If the alleged misconduct does fall within that protected sphere, the immunity protects the judge from all manners and categories of claims. The bar of absolute immunity applies even if the judge acted in bad faith or abused their discretion. *Lashay*, 160 Vt. at 64. The bar applies even if the judge's conduct was "in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356; Fields, 920 F.2d at 119.

In this case, Plaintiff's opposition does not dispute that Defendants are Superior Court Judges and the Complaint alleges that they are judges. A review of the Complaint, its allegations, and the exhibits attached to the Complaint, affirmatively show that Plaintiff's claims, regardless of label, arise solely out of actions that were undertaken by Defendants in their roles as judicial officers. The judges' rulings on Plaintiff's claims

regarding his sentence are solidly one of the factual and legal decisions that falls within the jurisdiction of the Superior Court. *See* 4 V.S.A. §§ 30a(1)(A) (jurisdiction of Superior Court Civil Division); 31 (same); 30(a)(1)(B) (jurisdiction of Superior Court Criminal Division); 32 (same); 36(a)(composition of Superior Court includes Superior Court Judge); 36(b) (judge's authority to decide all questions of law and fact).

Given those conclusions, even if Defendant's rulings were unwise, incorrect, or even made in bad faith, absolute immunity bars this action. *Stump*, 435 U.S. at 356. To the extent Plaintiff believes those judicial decisions were issued in error, his remedy was through an appeal to the Vermont Supreme Court. He cannot, however, bring a separate damages action against these judges based upon their judicial rulings.

Similarly, his claims against the Commissioner fall within the outer bounds of his authority to calculate sentences of prisoners. 13 V.S.A. § 7044. As our Supreme Court has noted, disputes regarding calculations can be appealed to the Commissioner. *State v. Young*, 2007 VT 30, ¶ 5, 181 Vt. 603, 604. As a result, even if the Commissioner erred or made an unwise or unjust decision, that ruling falls within the outer bounds of his general authority. 28 V.S.A. § 102 (powers of Commissioner).

The motion to dismiss is granted as to the Superior Court Judges and the Commissioner based on absolute official immunity.

III.    Issue Preclusion

Mr. Woods' description of the alleged sentence miscalculation is not especially clear in the complaint. It has to do with DOC's application of credit for time served in relation to the consecutive or concurrent nature of some of his sentences. He concedes, however, that he raised the same issue in *State v. Woods*, No. 107-3-15 Oscr, and in

*Woods v. State*, No. 22-CV-4110.  He is suing the judges who presided over those cases precisely because they ruled against him on the issue he presents here.

Issue preclusion bars the re-litigation of issues of fact or law necessarily resolved in the former litigation.  "The elements of [issue preclusion] are: (1) preclusion is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the issue was resolved by a final judgment on the merits; (4) there was a full and fair opportunity to litigate the issue in the prior action; and (5) applying preclusion is fair."  *In re Tariff Filing of Cent. Vermont Pub. Serv. Corp.*, 172 Vt. 14, 20 (2001).

There can be no doubt that Mr. Woods was a party to the criminal case against him and the civil suit he filed and pursued *pro se*.  He admits that the sentence miscalculation issue that he presents here was presented in both of those cases.  The criminal case is post-judgment, and the matter has been finally determined against him.  *See State v. Woods*, Entry, 07-3-15 Oscr (Vt. Super. Ct. Mar. 29, 2024) (explaining that the matter had been determined at a hearing on May 27, 2020, and in a subsequent Entry, and there is no miscalculation); *see also* in the same docket Entries filed July 2, 2024, and August 8, 2024, (emphasizing that the matter is over).  Mr. Woods did not seek to appeal in the criminal docket.  In the civil case, the Court addressed the miscalculation issue to some extent in a decision filed on March 6, 2024.  It then became aware of the criminal court's holistic review of the sentencing issue in its March 29, 2024, Entry and declined to address the matter further in the civil case, which then was wholly resolved.  Mr. Woods appealed that decision, but the appeal was dismissed for lack of

compliance with the Rules of Appellate Procedure. Elements (1)–(3) are, thus, plainly satisfied in this case.

Fairness elements (4) and (5) are also easily satisfied. There is nothing whatsoever in the records of the criminal or civil case that indicates any inability to litigate the issue that he seeks to present in this matter. Indeed, he fervently presented the matter to both Courts, and he claims nothing improper with the process or his ability to litigate in those Courts. Rather, he takes issue with the outcome of those cases, and maintains that the Courts got it wrong. But under normal circumstances a litigant does not get serial opportunities to keep raising the same issue in different tribunals in search of a different outcome. Any review and remedy to which Mr. Woods may have been entitled in the other cases was available from the Supreme Court. The doctrine of issue preclusion prevents him from raising the issue once more in this case.

Because all the claims in this case depend on proof that Mr. Woods' sentence was miscalculated, and the doctrine of issue preclusion prevents any such proof, Defendants are entitled to dismissal on that basis.

IV.   Conclusion

In light of the foregoing, the motion to dismiss is granted. All other pending

motions are denied as moot.[1]

Electronically Signed on December 20, 2024, per V.R.E.F. 9(d)

_____
Timothy B. Tomasi
Superior Court Judge

---

[1] The motion to add parties is moot. To the extent an argument against that could be made, Vt. R. Civ. P. 21 or, perhaps, Rule 15 govern the addition of parties; not Rule 19. At all events, the claims described would also require the Court to revisit the earlier courts' decisions regarding Plaintiff's sentence calculation. As a result, those claims would also be barred by estoppel.