Filed 07/11/25


| VERMONT SUPERIOR COURT | CIVIL DIVISION |
|---|---|

Washington Unit

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org

Case No. 24-CV-04273

Juliet Stephens v. Shannon Gilmour

## Opinion and Order on Motion to Dismiss

Plaintiff has moved to dismiss the Defendant's counterclaim alleging abuse of process regarding the use of process in initially bringing this action against the minor, M.G. Defendant has opposed the motion asserting that she has properly pled such a claim. The Court agrees with Plaintiff.

The Vermont Supreme Court disfavors Rule 12(b)(6) motions to dismiss. *Ass'n of Haystack Prop. Owners v. Sprague,* 145 Vt. 443, 446–47 (1985). "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (citing *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

In this case, charitably read, the abuse-of-process claim concerning naming M.G. contends that Plaintiff sued M.G. when it was not necessary to obtain full relief, and that her goal in doing so was to pressure Defendant to settle the claims at issue in this case.

Plaintiff is correct that bringing even a frivolous action for an improper purpose does not typically suffice to state a claim for abuse of process. *Weinstein v. Leonard*, 2015 VT 136, ¶ 22, 200 Vt. 615, 625–26; 4 Modern Tort Law: Liability and Litigation § 39:30 (2d ed.) ("[T]he mere act of filing suit is not sufficient for an abuse of process action."); 8 *American Law of Torts* § 28:32 ("The initiation of a lawsuit, although accompanied by a malicious ulterior motive, is not an abuse of process."). As the *Weinstein* Court stated: "Even if used to satisfy malicious intentions, the *proper* use of . . . legal process . . . is not actionable . . . . Filing a frivolous lawsuit therefore cannot itself be the predicate for a claim; the tort requires that the

1

processes of the court have themselves been used improperly." *Weinstein*, 2015 VT 136, ¶ 22, 200 Vt. at 625–26.

Numerous other courts are in agreement with the above pronouncements. *See, e.g., Simon v. Navon*, 71 F.3d 9, 15–16 (1st Cir. 1995) ("Filing of a lawsuit . . . may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent."); *Land Baron Inv. v. Bonnie Springs Fam. LP*, 356 P.3d 511, 520 (Nev. 2015) ("[F]iling a complaint does not constitute abuse of process."); *Muro-Light v. Farley*, 95 A.D.3d 846, 847, 944 N.Y.S.2d 571, 573 (2012) ("an improper motive in bringing an action alone does not give rise to a cause of action to recover damages for abuse of process"). Further, the Court notes that the law extends "great caution" as to whether an alleged abuse of a court process may warrant relief in tort. Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, *The Law of Torts* § 585 (2d ed.) (emphasis added) § 595.

Nonetheless, the case law in this area is not fully developed, and there are some decisions and guidance suggesting that an abuse-of-process claim may arise where a person uses court process "to gain a collateral advantage extraneous to the merits." *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 114 (2d Cir. 1996); *see also Restatement of Torts Second* (1977) § 682 cmt. b. Indeed, the Restatement (Third) of Torts §§ 24, 26 has contended that a separate tort may arise from the wrongful initiation of a lawsuit. *See also Simon*, 71 F.3d 9, 15–16 (discussing similar concerns regarding Maine law).

The Court believes it need not make a final determination as to whether the present allegations may state a cause of action under Vermont law because, even assuming they do, the Court concludes that the claim in this case would need to be brought by M.G. and not Defendant. While Defendant may well have been the target of the alleged improper motive, the "process" was directed solely to M.G., and the principal harm asserted (the anxiety and stress of having to deal with an allegedly frivolous lawsuit) was suffered by M.G., and Ms. Gilmour only indirectly. In the Court's view, if a possible claim exists for abuse of process, the claim belongs to M.G. and may not be asserted by Defendant. *See, e.g., Martel v. City of Newton*, Kan., 6 F. Supp. 2d 1243, 1247 (D. Kan. 1998) ("The tort of abuse of process does not provide or implicate an indiscriminate right of third persons, indirectly affected by a prosecution, to separately advance an abuse of process claim."); *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, No. 2:23-CV-01007-APG-NJK, 2025 WL 1413730, at *9–10 (D. Nev. May 15, 2025) (noting in abuse-of-process context that "defendants have no standing to assert harms to non-parties"); *Elwell v. Kellogg*, No. X08FSTCV186047215, 2022 WL 1448855, at *18 (Conn. Super. Ct. Jan. 21, 2022), *aff'd*, 299 A.3d 1166 (Conn. App. 2023) (wife has no standing to assert abuse-of-process claim relating to process used against her husband); *Livingston v. Bean*, No. CIV. 03-495 JH/ACT, 2004 WL 3310469, at *6 (D.N.M. Sept. 30, 2004) (plaintiff

cannot assert abuse-of-process claim where process directed against third parties).

WHEREFORE, Ms. Stephens' motion to dismiss Ms. Gilmour's abuse of process claim is granted.[1]

Electronically signed on Wednesday, July 9, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[1] The complaint against M.G. was voluntarily dismissed. M.G. is no longer a party to this case, and, as noted in its 4/17/25 ruling, any potential claims by M.G. do not fall within the scope of this action.