Vermont Superior Court
Filed 07/16/25

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00070

---

John Aberth v. Vermont Department of Environmental Conservation

---

Opinion and Order on the State's Motion to Dismiss

Plaintiff John Aberth has brought this case against Defendant the Department of Environmental Conservation (DEC) seeking an order compelling DEC to enforce 10 V.S.A. § 1259(a) against trappers who place traps in State waters on the theory that those traps are prohibited "discharges" into State waters.  The State has filed a motion to dismiss for lack of subject matter jurisdiction, Vt. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief may be granted, Vt. R. Civ. P. 12(b)(6).[1]  As to the former, the State argues that Mr. Aberth's claim was required to have been brought in the Environmental Division if at all.  As to the latter, the State argues that Mr. Aberth has failed to assert sufficient facts to demonstrate any selective enforcement.

I.        Procedural Standards

As the Vermont Supreme Court has described, when considering a motion to dismiss for lack of subject matter jurisdiction, "'all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party.' 'A court may consider evidence outside the pleadings.'" *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432, 438–39 (citations omitted); *see also Conley v.*

---

[1] The State also seeks dismissal because Mr. Aberth did not effect service within the time required by the Rules.  Mr. Aberth has explained the circumstances for late service and seeks a retrospective extension of time rendering service timely.  There is no prejudice.  Mr. Aberth's motion is granted.

*Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 14 (court may accept evidence from outside the record to resolve dispute as to jurisdiction).

A motion to dismiss for failure to state a claim faces a high bar. "Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (citing *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 558–59 (mem.) (internal quotation, brackets, and ellipses omitted). Courts, however, are not required to accept "'conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Rodrigue v. Illuzzi*, 2022 VT 9, ¶ 33, 216 Vt. 308, 326 (quoting *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 184 Vt. 1, 10 (quotation omitted).

II.   Analysis

A.   Subject Matter Jurisdiction

Mr. Aberth seeks to compel the DEC to enforce 10 V.S.A. § 1259(a) against trappers. That subsection provides: "No person shall discharge any waste, substance, or material into waters of the State, nor shall any person discharge any waste, substance, or material into an injection well or discharge into a publicly owned treatment works any waste that interferes with, passes through without treatment, or is otherwise incompatible with those works or would have a substantial adverse effect on those works

or on water quality, without first obtaining a permit for that discharge from the Secretary." *See* 10 V.S.A. § 1263 (discharge permits).

The State argues that the Environmental Division has exclusive jurisdiction over such a claim under 4 V.S.A. § 34 as it relates to actions brought pursuant to 10 V.S.A. § ch. 220 (Consolidated Environmental Appeals, 10 V.S.A. §§ 8501–8506). Section 34 provides, in relevant part, that "[t]he Environmental Division shall have: (1) jurisdiction of matters arising under 10 V.S.A. chapters 201 and 220." Chapter 220 extends coverage to actions taken to enforce Title 10, ch. 47 (water pollution control; lakes in crisis). 10 V.S.A. § 8503(a)(1)(E). Title 10, ch. 47 (10 V.S.A. §§ 1250–1389b) includes 10 V.S.A. § 1259, the statute at issue in this case. Thus, the Agency of Natural Resources (ANR) may enforce 10 V.S.A. § 1259 through ch. 220, and the Environmental Division will have jurisdiction over such a case.

Title 10, ch. 211 (10 V.S.A. §§ 8221–8222), however, also allows ANR to enforce 10 V.S.A. § 1259 by filing an action directly in the Civil Division. *See* 10 V.S.A. § 8221 (ANR "may bring an action in the Civil Division of the Superior Court to enforce the provisions of law specified in subsection 8003(a) of this title."); *see also* 10 V.S.A. § 8503(a) (expressly stating that ch. 211 enforcement actions are exempt from ch. 220). Separately, 10 V.S.A. § 1274(a), to the extent applicable, also permits ANR to enforce 10 V.S.A. § 1259 directly in the Civil Division.

As a result, it is not the case that any action by ANR to enforce 10 V.S.A. § 1259 will necessarily result in litigation in the Environmental Division rather than the Civil Division. Rather, ANR can choose to enforce in ways that may lead either to the Environmental Division or the Civil Division.

Mr. Aberth seeks an order compelling enforcement of 10 V.S.A. § 1259 against trappers. The State argues that only the Environmental Division has jurisdiction to consider such a claim because the available enforcement mechanism is in the Environmental Division's exclusive jurisdiction. That is not legally correct. The State's argument, as far as it goes, does not demonstrate that the Court lacks subject matter jurisdiction over Mr. Aberth's claim.

### B. Failure to State a Claim

The State also argues that Mr. Aberth's claim should be dismissed for failure to state a claim because he is bringing a "selective enforcement" claim and has failed to sufficiently plead it. Selective enforcement typically is raised defensively or affirmatively as a constitutional violation. The Court perceives no such claim in this case.

No doubt, Mr. Aberth feels it was unfair that DEC issued a notice of violation to him in relation to his wildlife rehabilitation activities while DEC allegedly does not issue such notices to trappers, a group he presumably believes engages in similar conduct of placing metal contraptions in State waters. Further, both parties have used the expression *selective enforcement* in their submissions. But, by all accounts, any enforcement activity taken against Mr. Aberth began and ended with the notice of violation, and Mr. Aberth seeks no affirmative relief on his own account. Instead, he perceives some right to compel DEC to take similar action against trappers.

For present purposes, the Court takes no position on the viability of such a claim, and the State has not contested it. It is enough to note that the State's motion neither addresses the claim that Mr. Aberth apparently raises, nor does it seek further clarification of its foundation.

## Conclusion

For the foregoing reasons, the State's motion to dismiss is denied.

Electronically signed on Tuesday, July 15, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge