Vermont Superior Court
Filed 08/12/25

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01827

---

Regina Schedler v. University of Vermont Health System, et al

---

## Opinion and Order on Defendants' Motion to Dismiss

Plaintiff filed this action alleging that the medical care she received from the Defendants fell below the applicable medical standard of care and that she sustained injury as a result. Defendants have moved to dismiss arguing that Plaintiff's complaint is not properly supported by the mandatory certificate of merit required by 12 V.S.A. § 1042(a). Plaintiff counters that she appended a proper certificate of merit to her complaint. She also appears to ask the Court to determine the proper standard of medical care via motion. The Court makes the following determinations.

## Standard

"Dismissal under Rule 12(b)(6) is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)). In considering a motion to dismiss, the Court "assume[s] that all factual allegations pleaded in the complaint are true, accept[s] as true all reasonable inferences that may be derived from plaintiff's pleadings, and assume[s] that all contravening

1

assertions in defendant's pleadings are false." *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 559 (mem.) (internal quotation, brackets, and ellipses omitted).

Though that standard informs the Court's review, where, as here, the basis for a dismissal is the failure to adhere to a statutory prerequisite to suit, the Court must determine compliance with that directive as a legal determination.

Discussion

Defendants' argument is straightforward: Section 1042(a) requires there to be a certificate of merit that is filed along with the complaint. The only exceptions to that rule, 12 V.S.A. § 1042(e) & (f), are inapplicable to this case. Defendants maintain that the certificate attached to the complaint in this action is inadequate. Plaintiff asserts the opposite.

The demand for a certification of merit comes directly from the Legislature. Section 1042 provides:

> (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint. In the certificate of merit, the attorney or plaintiff shall certify that he or she has consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion is rendered, the health care provider has:
>
> (1) described the applicable standard of care;
>
> (2) indicated that based on reasonably available evidence there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and

(3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a).

This provision "demands strict compliance." *Quinlan v. Five Town Health Alliance, Inc.*, 2018 VT 53, ¶ 19, 207 Vt. 503, 511. As the statute itself states: "The failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice." *Id.* § 1042(e).

As to Plaintiff's assertion that the certification attached to the complaint meets the above standard, Defendants dispute it facially and through a counter-affidavit. Defendants concede that the document was signed by one of Plaintiff's treating physicians, Dr. Cintolo-Gonzalez, but submit an affidavit from the doctor indicating that she did not intend the signing of the document to indicate a certification under Section 1042 and that she, in fact, does not have an opinion that Defendants violated the standard of care.

The Court need not consider the affidavit of Dr. Cintolo-Gonzalez because the signed document, on its face, fails to satisfy Section 1042. While describing some of Plaintiff's medical history and indicating a "marker" was placed in an "inaccurate position," the document nowhere describes the applicable standard of medical care, nowhere states an opinion that Plaintiff is likely to be able to show a failure to meet that standard of care, and nowhere states an opinion causally linking any deviation the standard of care to Plaintiff's alleged injuries. Simply put: the certificate of merit does not provide the opinion-based certification demanded of the statute.

Plaintiff's suggestion that the Court divine the appropriate standard of care from her description of "oncology facts" would make Section 1042 a nullity. It is precisely because neither the Court nor lay plaintiffs possess the requisite medical expertise on such issues that the Legislature prescribed that a certificate of merit reflecting the opinion of a medical expert be appended to the complaint. More to the point, Section 1042 requires that the opinion as to merit come directly from a medical expert. *Id.*

WHEREFORE, the motion to dismiss without prejudice is granted.

Electronically signed on Monday, August 11, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge